COMMONWEALTH *vs.* WILLIAM R. KENDALL.

Worcester.     October 1, 1894. — October 18, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Indictment for Adultery — Divorce — Jurisdiction — Domicil — " Guilty beyond a reasonable Doubt " — Instructions.*

If, at the trial of an indictment for adultery, the defendant having obtained a divorce in another jurisdiction and married again, the evidence with its legitimate inferences may well satisfy the reason and judgment of the jury, and convince them to a reasonable and moral certainty that the defendant's domicil remained in this Commonwealth, and that his purpose in going into another State was to get a divorce and not to change his home, a request for a ruling that the jury were not justified, upon the evidence, in finding him guilty, as it failed to show beyond a reasonable doubt that he was an inhabitant of this Commonwealth when the divorce was granted, is rightly refused.

INDICTMENT, for adultery with one Emeline B. Holman, at Worcester, on May 15, 1893. At the trial in the Superior Court, before *Maynard*, J., the government proved that the

defendant was married to one Almena D. Kendall in November, 1886, and that she was still living; and that the defendant cohabited with Emeline B. Holman, at Worcester, within the time covered by the indictment. The defendant put in evidence a divorce granted by the Circuit Court of the Second Judicial District of South Dakota, by its terms dissolving the bond of matrimony between the defendant and said Almena for the cause of desertion, at Worcester, April 14, 1888, and continued to the time of the institution of proceedings in South Dakota.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. P. Goulding*, (*F. L. Dean* with him,) for the defendant.

*F. A. Gaskill*, District Attorney, for the Commonwealth.

MORTON, J. The defendant finds no fault with the construction put by the court upon the statute relating to foreign divorces, (Pub. Sts. c. 146, § 41,) nor with the instructions as to what was necessary to constitute a change of domicil.

There is no occasion, therefore, for us to examine into or express an opinion upon the charge of the presiding justice in relation to these matters, though we have some doubts as to its correctness.

The only objection which the defendant now makes is to the refusal of the court to rule, as requested in effect by him, that the jury were not justified, upon the evidence, in finding him guilty; the evidence failing to show beyond a reasonable doubt, as he contends, that he was an inhabitant of this State when the divorce was granted. A reasonable doubt is not a mere possible doubt. "It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." *Commonwealth* v. *Webster,* 5 Cush. 295, 320. Proof beyond a reasonable doubt is such evidence as establishes "the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it." *Commonwealth* v. *Webster, ubi supra.* Applying these definitions to the evidence, we think that the verdict was well warranted.

The defendant does not deny that the jury were justified in finding that he went to South Dakota for the purpose of getting a divorce. That question need not be considered, therefore, except as it bears upon the question of his inhabitancy. For many years before he went to Sioux Falls the defendant's home had been in Worcester. He had carried on business there, though he had sold it out in 1890, and presumably had formed such connections as one naturally would who had lived there for some time, and had been in business there. He left on November 1st or 2d, 1891, and reached Sioux Falls on the 5th or 6th. His departure was not accompanied, so far as appears, by any declaration that he intended to abandon Worcester as his home, though he testified that when he went away he did not intend to return. There was evidence that he had said, some time previously, that, if he could not get a divorce here, he would go West and get one, and he admitted, on cross-examination, that when he left Worcester he did not intend to live with his wife again, and that, in general, he wanted to get a divorce from her. Soon after his arrival at Sioux Falls he consulted an attorney about getting a divorce, and was told that it would require a residence of ninety days before the libel could be brought. On February 5, 1892, the ninety-first or ninety-second day after his arrival, the libel was filed, and the divorce was granted on the fourteenth day following. In the mean time he had bought a hotel business, which he sold, and then a candy business, which he also sold. At the time when the divorce was granted he was engaged in no business in Sioux Falls. In June, after obtaining his divorce, he left Sioux Falls and came to Worcester, where he remained, with the exception of about four weeks, when he went to Chicago, till his marriage to Emeline Holman, in March, 1893, which took place in Philadelphia, and after which he went with her to California and Colorado. He testified that he was seeking for a permanent home while in California and Colorado, and that his home was in Sioux Falls. It appeared at the trial that since leaving Sioux Falls, in June, 1892, he had not been there again, except to stop one night in passing through with said Emeline Holman after his marriage to her, and that he had had no business that called him there. It did not appear that before going

there in November, 1891, he had ever been there before, or had had any business there.

This evidence, with its legitimate inferences, well might satisfy the reason and judgment of the jury, and convince them to a reasonable and moral certainty that the defendant's domicil remained in Worcester, and that his purpose in going to Sioux Falls was to get a divorce, and not to change his home. The jury were not bound, as matter of law, to believe what he said about abandoning his residence at Worcester. They could accept some portions of his testimony, and reject others, according to what seemed to them to be the truth. The jury may properly enough have thought that the hotel business and the candy business were mere side issues, not interfering with the main purpose for which he went to Sioux Falls, and affording but slight evidence, under the circumstances, of a change of domicil.

*Exceptions overruled.*