### PEOPLE *v.* HAXER.

CRIMINAL LAW — HOMICIDE — ASSAULT WITH INTENT TO KILL —
    EVIDENCE — INTENT — SURROUNDING CIRCUMSTANCES — OTHER
    OFFENSES.

> Where, in a prosecution for assault with intent to kill and mur-
> der, the defense is temporary insanity produced by indulgence
> in intoxicating liquors, testimony showing that when respond-
> ent was arrested, an hour after the assault, he resisted, and
> shot the officers, is admissible to show consciousness of guilt;
> and such evidence, together with that showing that he bought
> the revolver, with which the assault was committed and the
> subsequent shooting done, a half hour before the assault, is
> admissible as showing the intent charged.

Error to recorder's court of Detroit; Phelan, J. Sub-
mitted May 3, 1906. (Docket No. 147.) Decided July
3, 1906.

Louis Haxer was convicted of an assault with intent to
kill, and sentenced to imprisonment for life in the State
prison at Jackson. Affirmed.

*Matthew S. Gainey*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Walter
M. Trevor*, Assistant Prosecuting Attorney, for the
people.

OSTRANDER, J. Respondent, on December 3, 1904, at
the city of Detroit, about 6 o'clock in the afternoon, pur-
chased a revolver and some cartridges, went to the place
where his wife, from whom he was separated, was em-
ployed, reaching that place at about 7 o'clock, and offered
to escort her home. His company being refused, he shot
at her across the counter. The bullet did not strike her.
She ran into an adjoining room, whereupon respondent
shot her sister in the arm, pursued his wife into the ad-

joining apartment, and shot a Mrs. Schneider, who he supposed was his wife, in the chin, again in the wrist, and again in the arm. He then left the house. He was arrested some time later at a saloon, distant more than a mile from the place of the shooting. When the arrest was attempted, he shot an officer and a man who assisted in making the arrest, and shot at, but missed, another officer. He was charged with assault with intent to kill and murder his wife, and was convicted. A motion for a new trial was made and overruled.

It is the theory of respondent's counsel that his client was, upon the occasion set out, temporarily insane as the result of using intoxicating liquors. Defendant was a witness, and testified in substance that he was in such a state of intoxication on the night in question that he did not remember any of the occurrences given in evidence by the prosecution. It is contended for respondent that it was error to permit the introduction of testimony to show the conduct and acts of respondent at the time the arrest was made. The court instructed the jury that in determining the fact of guilt or innocence they had the right " to take into consideration the conduct of this defendant from the time that he possessed himself of this deadly weapon up to the time that he was disarmed." In his opening statement, the prosecuting attorney said that he proposed to show the events (and he stated what they were) before and after the particular act of shooting, "to show the murderous disposition of this man at that time, and that he had murder in his heart." It appears, and the testimony is not disputed, that respondent went from the bakery, where the first shooting was done, directly to Noten's saloon. Noten testified that respondent entered his place about 8 o'clock, "something like that," was there about 15 minutes, during which time he had, and paid for, a drink, when the officers arrived. He pointed out respondent to the officers, and when they attempted to arrest respondent he resisted in the manner already stated.

It has generally been supposed that the fact that one accused of crime resisted arrest may be shown by the prosecution (*Hall* v. *People,* 39 Mich. 717), and be considered by the jury with all other facts and circumstances attending the commission of the alleged crime. Like flight and concealment, such conduct has been admitted as evidence of consciousness of guilt. The fact of resistance was not the less proper evidence because it took one form rather than another.

It is urged, however, that the intent with which the assault was made upon the wife is the gist of the offense charged, and that the testimony of the subsequent shooting had a tendency to prove, and the trial judge permitted it to be used to prove, the offense charged, including, of course, the intent with which the assault upon the wife was committed; that it amounted to proving the offense charged by evidence of other distinct and subsequent offenses. Intent is a mental attitude made known by acts.

"The willful use of a deadly weapon without excuse or provocation, in such a manner as to imperil life, is almost universally recognized as showing a felonious intent." *Wellar* v. *People,* 30 Mich. 16, 20.

The presumption is not conclusive, and the intent charged must be proven beyond a reasonable doubt. Given the conduct of respondent for a half hour before and an hour after he shot at his wife, we have some reasonable basis for determining his intent in assaulting her. Beginning with the purchase of the revolver, the events to the time when respondent was disarmed are intimately connected and associated, and evidence of the series and the sequence of these events was proper to be considered by the jury in determining the state of mind of the accused. It is not the case of proving the crime charged by evidence that another crime was subseqently committed, but of proving the purpose and intent of respondent by his conduct before, at the time of, and immediately after

the alleged offense. We should, perhaps, admit the contention of counsel that during the period from the first to the last shooting the state of mind of respondent might have changed, that his mental attitude with respect to his wife might be different from that assumed towards the officers who accomplished his arrest, that he might have drunk more liquor, and that he was confronted with a different set of circumstances at the different times. It does not follow that the facts should not, all of them, have been submitted to the jury.

What has been said disposes of a number of the assignments of error. The others which are relied upon have been examined, and require no discussion. They are overruled.

The judgment is affirmed.

McALVAY, BLAIR, MONTGOMERY, and HOOKER, JJ.. concurred.