PEOPLE *v.* REYCRAFT.

1. EVIDENCE — EXCLUSION OF TESTIMONY — CREDIBILITY OF WITNESSES—HARMLESS ERROR.

In a criminal action against a surgeon for assault and battery upon another surgeon, growing out of an altercation as to which should perform an operation, testimony as to whether or not certain witnesses were unfriendly to accused was admissible only as bearing on their credibility; and, where such witnesses had been previously examined as to their attitude towards accused, it was not error to exclude testimony of another witness upon such subject.

2. CRIMINAL LAW—ASSAULT AND BATTERY—INSTRUCTIONS.

In such action, an instruction that respondent had no right to begin by assaulting the other, but should first have requested him to leave, and then have used no greater force to remove him than was necessary to overcome the resistance, was not erroneous as assuming that respondent began the assault; since what was said was in explanation of respondent's claim that the assault was justifiable and necessary for the protection of the patient.

3. EVIDENCE—ADMISSIBILITY.

The admission in evidence of a letter written by respondent to the complaining witness two years before the assault, *held*, in view of other testimony, to be admissible as showing the nature and extent of a previous ill-feeling which existed between them, and which respondent did not deny.

4. Appeal and Error—Requests to Charge after Argument.
  Appellant cannot complain of the offering of certain requests
  to charge after the argument had begun, where the record
  neither shows the taking of an exception nor that said re-
  quests were given.

Error to Emmet; Shepherd, J.   Submitted February
11, 1909.   (Docket No. 146.)   Decided April 28, 1909.

John J. Reycraft was convicted of assault and battery,
and sentenced to pay a fine of $5 and cost.   Affirmed.

*E. G. Hackney* and *M. F. Guinon*, for appellant.

*Wade B. Smith*, Prosecuting Attorney, for the people.

Hooker, J.   The defendant, a surgeon, was convicted
of assault and battery upon another surgeon.   They met
in the operating room of a hospital in Petoskey, where
the defendant arrived first with a patient who had been
injured by the cars, necessitating the amputation of a leg.
The complaining witness arrived a few minutes later,
having been asked by the railroad company—whose regu-
lar surgeon he was—to go up to the hospital and take
charge of the case.   Defendant considered his action in-
trusive, and the complainant was pushed or thrown down.
The parties differ in their versions of the affair, and the
verdict indicates that the jury were convinced that defend-
ant made an unjustifiable attack, or an excessive defense.

A witness for defendant was asked whether Miss Ger-
man and Miss Schermerhorn (two nurses) were acting
freely in the preparation and getting ready for the opera-
tion, or were they antagonistic.   Apparently this was an
attempt to show that these nurses were favoring Dr.
Oven.   It was freely admitted that the railroad company
had telephoned the nurses that Dr. Oven was to take
charge of the case, and asked that the operation be de-
ferred until he came.   It is not important to this case
whether these nurses were unfriendly to the defendant or
not, as, if so, it was a circumstance that had no bearing

upon this controversy. At most, it went to their credibility as witnesses. They were examined with relation to it, which was as far as defendant had a right to go.

The court instructed the jury that:

"If you find that Dr. Oven first made an unjustifiable assault upon the defendant, or that the defendant had grounds to believe, and did honestly believe, that Dr. Oven was about to do him personal injury, then the defendant had a right to use such violence as was necessary to protect himself from personal injury, but if he did what was unnecessary, or did more than was necessary in order to defend himself, he became and was guilty of assault and battery; and in this connection I instruct you that no mere words, no matter how irritating or insulting, will justify an assault and battery.

"In regard to defendant's claim that what he did was lawful as a necessary protection of the injured man, I instruct you that if you find it to be a fact that Dr. Oven's presence in the operating room and his conduct therein before the assault was dangerous to the injured man, or if the defendant had good reason to believe, and did in good faith believe, such to be the case, he had no right to begin by assaulting Dr. Oven; but he had the right to request, and he should have requested him, under such circumstances, to leave the room. Then, if Dr. Oven refused, he should have gently laid his hand upon him, and not proceeded with greater force than might have been made necessary by resistance. And, in deciding as to what degree of force he was justified or would be justified in using in overcoming such resistance, you must take into consideration all the circumstances of the case, including the physical appearance of the two men, and anything else that will throw light upon that, or bring your minds to a just realization of the facts as they existed. If the defendant did not request Dr. Oven to leave the room, but assaulted him in the first instance, he did what was not necessary for the protection of the injured man, and was guilty of assault and battery."

Respondent's counsel assign error upon the foregoing, asserting that it assumed that defendant "began by assaulting Dr. Oven." We think that there was no such assumption. It was said in explanation of a claim that the assault was justifiable and necessary in defense of the

patient, and defendant has no occasion to find fault with the instruction given. It could not well have been misunderstood. The charge throughout was exceptionally clear and concise and fair.

A letter written by the defendant to Dr. Oven some two years before the alleged assault was admitted to show ill feeling. We think, in view of other testimony given, that it was admissible as showing the nature and extent of a previous ill feeling which defendant did not deny.

Error is assigned upon some requests to charge, which counsel for the people handed to the court, after the argument had begun, but which were not brought to the attention of counsel, nor was any argument had upon them. Counsel claim this was error under section 10244, 3 Comp. Laws. We find no exception taken to this, and nothing indicates that these requests were given. It would be anomalous to reverse a cause for such a reason, where not only were the requests not given, but the charge contained no error.

The judgment is affirmed.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.