COMMONWEALTH *vs.* SEBASTIANO CALI.

Worcester.     September 25, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Burning Property with Intent to injure Insurer. Insurance. Mortgage,* Of real estate. *Evidence,* Presumptions and burden of proof.

Real estate, including a building, was subject to a mortgage and the building was covered by a policy of insurance against loss by fire, issued to the mortgagor and providing, " Loss payable to the . . . mortgagee, as interest may appear," and that " no act or default of any person other than such mortgagee . . . shall affect the mortgagee's right to recover in case of loss

on such real estate: provided, that the mortgagee shall, on demand, pay according to the established scale of rates for any increase of risks not paid for by the insured," and that the policy should be void if, without the assent in writing or in print of the insurance company, " the said property shall be sold, or this policy assigned, or if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent . . . " The mortgagor transferred the real estate to another without the assent of the insurance company. The building was burned and the mortgagor was indicted under G. L. c. 266, § 10, for burning a building belonging to his grantee, which at the time was insured against loss or damage by fire, with intent to injure the insurer. There was no evidence of a demand having been made by the insurance company upon the mortgagee. *Held*, that the mortgagee's rights under the policy were not affected by the mortgagor's conveyance of the property without the assent of the insurance company nor by any other acts or defaults of the mortgagor which would make the policy void as to the mortgagor.

At the trial of the indictment above described, there was evidence tending to show that the defendant either set the fire or, after it had got under way, purposely refrained from any attempt to extinguish it, in order to obtain the benefit of the proceeds of the policy, which, when recovered, would be applied by the mortgagee on the mortgage indebtedness. A motion that a verdict of not guilty be ordered was denied. *Held*, that on such evidence a finding of a specific intent to injure the insurer was warranted, and that the motion properly was denied.

At the trial of the indictment above described, the judge charged the jury in substance that if, after the fire had started accidentally, the defendant then had it within his power and ability to extinguish it and realized and knew that he could do so, and that he then formed and entertained an intent to injure the insurance company, he could be found guilty of the offence charged; that it was not necessary that the intent be formed before the fire was started. *Held*, that such instruction disclosed no error of law.

At the trial of the indictment above described, it appeared that the defendant, among other admissions made by him to a police inspector, had admitted that immediately after discovering the fire in Leominster he had departed for his home in Fitchburg without giving any alarm. *Held*, that, while it was true that, if the defendant merely neglected to act in the emergency of the moment, such negligence would not constitute proof of an intent to commit the crime charged, an intention to injure the insurer could be formed after as well as before the fire started and, on the defendant's admissions, the jury were warranted in inferring that such criminal intent that the building should be consumed was formed after the fire had started.

INDICTMENT, found and returned on May 11, 1922, charging in a third count that the defendant on December 31, 1921, with intent to injure the insurer, did burn a certain building in Leominster belonging to Maria Cali, which at the time of said burning was insured in the Underwriters Fire Insurance Company against loss or damage by fire.

The indictment was tried before *Hall*, C.J.

The policy of insurance described in the opinion named the defendant as the insured and provided, " Loss payable to the Fitchburg Coöperative Bank mortgagee, as interest may appear under present or any future mortgage of the property; " and that the policy should be void if, without the assent in writing or in print of the insurance company, " the said property shall be sold, or this policy assigned, or if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent . . . " Other material provisions of the policy are described in the opinion. There was no evidence of a demand on the mortgagee described in the opinion to pay an increased rate or premium.

The Chief Justice, at the request of the defendant, gave the following rulings:

" 11. In order to convict the defendant on the third count of this indictment it is necessary for the jury to be satisfied, beyond a reasonable doubt, that the defendant set the fire and burned the building therein described, intentionally and not accidentally, and with intent to defraud or injure the insurance companies named in the said count."

" 14. Unless it is established, beyond a reasonable doubt, that there was a valid policy of insurance covering the said building described in the third count of this indictment at the time of the alleged burning, the defendant cannot be convicted on the said count."

The defendant asked for and the Chief Justice refused to give the following rulings:

" 1. Upon all the evidence the defendant is not guilty."

" 4. Upon all the evidence the defendant is not guilty of the offence charged in the third count of this indictment."

" 15. There is not sufficient evidence that there was a valid policy of insurance covering the building described in the third count of this indictment at the time of the burning therein alleged.

" 16. If the starting of the fire was accidental, the defendant is not guilty and his conduct and intent thereafter are immaterial.

" 17. The failure or neglect of the defendant to attempt to extinguish a fire, which he has accidentally set, is not criminal, even though an insurance company is thereby injured.

" 18. If the defendant accidentally sets a fire with no criminal intent at the time of said accident, and thereafter permits said fire to burn and refrains from attempting to extinguish it, he cannot be found guilty of the offences charged in the several counts of this indictment, even if after the said accident he forms the intent to defraud or injure an insurer, and by reason thereof permits the said fire to burn and refrains from attempting to extinguish it."

Other material evidence and rulings by the Chief Justice and exceptions saved by the defendant are described in the opinion.    The defendant was found guilty on the third count of the indictment and alleged exceptions.

*C. T. Flynn,* for the defendant.

*C. B. Rugg,* Assistant District Attorney, (*E. G. Norman,* Assistant District Attorney, with him,) for the Commonwealth.

BRALEY, J.    The defendant having been indicted, tried and convicted under G. L. c. 266, § 10, of burning a building in Leominster belonging to Maria Cali, which at the time was insured against loss or damage by fire, with intent to injure the insurer, the case is here on his exceptions to the denial of his motion for a directed verdict, and to rulings at the trial.

It is contended, that there was no evidence that the building was insured by a valid policy at the time it was burned. But it was uncontroverted that when the defendant was the owner he mortgaged the property to the Fitchburg Coöperative Bank and procured and delivered a policy of insurance thereon payable to the mortgagee, which contained this clause, " If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect the mortgagee's right to recover in case of loss on such real estate: provided, that the mortgagee shall, on demand, pay according to the established scale of rates for

any increase of risks not paid for by the insured; and whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment the said mortgage, together with the note and debt thereby secured." The mortgage has never been discharged, nor the policy cancelled, and his subsequent conveyance of the property to Maria Cali without the consent of the company, or any other acts or defaults on the defendant's part which would avoid the policy as to him, did not affect the rights of the bank in so far as its interests were protected. It could enforce the policy in its own name. *Palmer Savings Bank* v. *Ins. Co. of North America,* 166 Mass. 189, 191. *Commonwealth* v. *Kaplan,* 238 Mass. 250.

The only evidence as to the origin, extent and progress of the fire were the statements of the defendant to the police inspector, and as a witness. The jury who were to determine his credibility and the weight to be given his testimony could find notwithstanding his explanations of its origin as being purely accidental, that when all the circumstances were reviewed he either set it, or after the fire was under way purposely refrained from any attempt to extinguish it in order to obtain the benefit of the proceeds of the policy, which when recovered, would be applied by the mortgagee on his indebtedness. If they so found, a specific intent to injure the insurer had been proved. The motion, and the defendant's requests in so far as not given were denied rightly. *Commonwealth* v. *Asherowski,* 196 Mass. 342, 348, 349.

The instructions to the jury that, " If a man does start an accidental fire what is his conduct in respect to it? A question might arise — as if after the fire has started accidentally, and he then has it within his power and ability to extinguish the fire and he realizes and knows that he can, and then he forms and entertains an intent to injure an insurance company he can be guilty of this offence. It is not necessary that the intent be formed before the fire

is started," also show no error of law. It is true as the defendant contends, that, if he merely neglected in the emergency of the moment to act, his negligence was not proof of a purpose to commit the crime charged. The intention, however, to injure could be formed after as well as before the fire started. On his own admissions the jury were to say whether, when considered in connection with all the circumstances, his immediate departure from the premises for his home in Fitchburg, without giving any alarm, warranted the inference of a criminal intent or state of mind, that the building should be consumed. *Commonwealth* v. *Kendall,* 162 Mass. 221, 224. *People* v. *Johnson,* 131 Cal. 511. *People* v. *Haxer,* 144 Mich. 575.

*Exceptions overruled.*