COMMONWEALTH *vs.* JOHN VELLUCCI.

Bristol.     October 23, 1933. — November 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Burning Insured Property. Evidence,* Presumptions and burden of proof, Inferences, Consciousness of guilt.

At the trial of an indictment for burning an insured house with intent to defraud the insurer, there was evidence that, while the house, which was owned by the defendant's wife, was vacant, it was burned by a fire of incendiary origin in the early afternoon; that after the fire the defendant at first stated that he had not been to the house for a month and that he had learned of the fire from his wife when he went home on the evening of the day of the fire, and then, upon being confronted by one who said that he had seen the defendant in the yard adjoining the house a few hours after the fire, stated that he had been at the house at that time, had seen that there had been a fire and had observed the indications of its incendiary origin, and, being afraid to notify the police at that time, had gone home to tell his wife of the fire; that the defendant was seen at the house a few hours after the fire; and that he had stated that he had keys to the house and that nobody else had, so far as he knew. There was no direct evidence that the defendant set the fire. *Held,* that the evidence and inferences which properly might have been drawn therefrom warranted a verdict of guilty.

The mere circumstance, at the trial above described, that the defendant's wife and not the defendant was the insured and the lack of evidence that the house was overinsured, did not render unwarranted a verdict of guilty.

INDICTMENT, found and returned on June 10, 1932, described in the opinion.

The indictment was tried in the Superior Court before *Hanify,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict of not guilty be ordered. The defendant was found guilty and alleged an exception.

*H. W. Radovsky,* (*I. H. Simon* with him,) for the defendant.

*F. E. Smith,* Assistant District Attorney, for the Commonwealth.

DONAHUE, J.    The defendant was tried and was convicted by a jury on an indictment which charged that he burned a dwelling house which was insured, with the intent to defraud an insurance company.    G. L. (Ter. Ed.) c. 266, § 10.    The only exception of the defendant is to the failure of the trial judge to allow his motion for a directed verdict of not guilty.

The defendant and his wife lived in Providence, Rhode Island.    She owned a house on Emmett Street in Fall River which in April, 1932, was vacant.    It was insured for $1,500 under a five year policy issued in October, 1927. In September, 1931, when the defendant transferred to his wife his interest in the property and assigned to her his interest in the policy, the amount of insurance was increased to $3,000.    On Friday, April 29, 1932, at about one o'clock in the afternoon a passerby saw indications that there had been a fire in this house, found the door open and entered. There was no fire burning in the house at that time but woodwork in different parts of the house had been burned, and there were three bushel baskets in different places containing what appeared to be paper that had been consumed by fire, gallon cans which contained gasoline and kerosene, marks on the floor leading to the baskets which might have been found to have been made by fuses and other evidence which warranted the finding that the fire was of incendiary origin.

There was evidence that the defendant and another man were seen in a yard adjoining the premises at about three o'clock on Friday afternoon after the discovery of the fire. On the following day when the defendant was questioned by a police inspector he said that when he went home Friday night he learned from his wife that she had, that afternoon, received a letter notifying her that there had been a fire in the Fall River house.    He stated that he had not been at that house for a month.    A witness was then brought into his presence who said that he had seen the defendant and

another man in the yard at about three o'clock on Friday afternoon. The defendant then said that he had been at the house between four and five o'clock on Friday afternoon but that no man was with him and if another man was there it was a man passing through the yard. He further said that he came to Fall River on Friday afternoon to look for work, that he went to the house, entered it, saw the cans and baskets and observed that there had been a fire and that he was afraid to notify the police at that time and went back to Providence to tell his wife about the fire. There was also evidence that at a later time the defendant told a State fire inspector that he had keys to the house and that so far as he knew no one else had keys. At the trial the defendant testified that on Friday he left Providence at 1:30 in the afternoon, came to Fall River to look for work and then decided to look at the house and arrived there about four o'clock; that he thought when the police inspector asked him when he had been at the house before the inspector meant previous to the fire, and that he did not know how the baskets and cans came to be in the house and had no knowledge how or by whom the fire was started.

There was here no direct evidence that the fire was set by the defendant but we are of the opinion that there was evidence which if believed warranted the jury in finding facts from which it might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt. *Commonwealth* v. *Alba,* 271 Mass. 333, 337. *Commonwealth* v. *Cooper,* 264 Mass. 368, 373. *Commonwealth* v. *Asherowski,* 196 Mass. 342. The fact that the defendant, with knowledge that there had been an incendiary fire in the house, went home to Providence without notifying the public authorities (*Commonwealth* v. *Cali,* 247 Mass. 20, 25), the evidence of his admission that in so going he was actuated by fear, his contradictory statements during the investigation (*Commonwealth* v. *Lavery,* 255 Mass. 327, 332),

and statements which might have been found to be intentionally untrue (*Commonwealth* v. *Spezzaro*, 250 Mass. 454, 455–456), while all open to explanation, might have been found by the jury to be indicative of guilt. It was for the jury and not the judge to say whether his explanations should be believed and upon all the credited evidence to pass upon the matter of his guilt. The fact that his wife and not the defendant was the insured under the policy (*Commonwealth* v. *Kaplan*, 238 Mass. 250, 254), and the absence of evidence that the property was overinsured (*Commonwealth* v. *Alba*, 271 Mass. 333, 338) did not prevent the jury from finding that the statutory intent was proved.

*Exceptions overruled.*