PEOPLE *v.* COUNTS.

1. ASSAULT AND BATTERY—INTENT—INTOXICATION—EVIDENCE.

In prosecution for assault with intent to do great bodily harm less than the crime of murder, testimony of police officer that after he had made the arrest he smelled liquor on defendant's breath was admissible for the purpose of showing defendant's mental condition and the reasons for his conduct as disclosed by the testimony of other witnesses (Act No. 328, § 84, Pub. Acts 1931).

2. CRIMINAL LAW—MOTIVE—INTENT—EVIDENCE—INTOXICATION.

Where the existence of a particular purpose, motive, or intent is a necessary element of the crime charged, evidence of intoxication is relevant and admissible to assist the jury in determining accused's purpose, motive, or intent, or in fixing the degree of the crime.

3. SAME—MOTIVE—INTENT—EVIDENCE—PREVIOUS OCCURRENCES.

All evidentiary circumstances which are relative to, or tend to shed light on, the motive or intent of the defendant or which tend fairly to explain his actions are admissible in evidence against him, although they may have occurred previous to the commission of the offense.

4. ASSAULT AND BATTERY—INTOXICATION—DEGREE OF CRIME.

In prosecution for assault with intent to do great bodily harm less than the crime of murder, evidence that defendant had been drinking was proper to assist the jury in determining what offense, if any, defendant had committed (Act No. 328, § 84, Pub. Acts 1931).

5. CRIMINAL LAW—USE OF FIREARMS—PREJUDICE—DEFENDANT FROM OUT OF STATE.

In prosecution for assault with intent to do great bodily harm less than the crime of murder under information alleging the assault was committed with a shotgun, fact that prosecuting attorney brought out that defendant came from Tennessee,

that possession of firearms was customary in that State and that as a child defendant had a gun was not prejudicial because it brought out that defendant came from Tennessee.

6. SAME—FAILURE TO OBJECT TO INTRODUCTION OF EVIDENCE—QUESTIONS REVIEWABLE.

Failure of defendant to object to the introduction of testimony or to raise a question in respect thereto in the trial court precludes consideration of the question by an appellate court as to whether or not such testimony was prejudicial.

7. ASSAULT AND BATTERY—INTENT—EVIDENCE.

Testimony of witness that, some 10 or 15 minutes before commission of the alleged assault upon a police officer with a shotgun, that defendant had threatened the witness with a shotgun and had asked him if he were a police officer was properly admitted to throw light on defendant's mental condition at the time he made the assault charged in the information and had a bearing on the intent with which defendant acted (Act No. 328, § 84, Pub. Acts.1931).

8. SAME—FELONIOUS ASSAULT—EVIDENCE.

In prosecution for assault with intent to do great bodily harm less than the crime of murder, evidence was such as not to permit the trial court to direct a verdict of acquittal and to support conviction of felonious assault (Act No. 328, § 84, Pub. Acts 1931).

9. SAME—THREATENING CONDUCT.

A threat may be made by conduct as well as by words.

10. SAME—THREATENING CONDUCT—FELONIOUS ASSAULT.

Evidence that defendant pointed a gun at police officers and stated that it was loaded and cocked *held*, sufficient to establish the intent to injure essential to conviction of crime of felonious assault since a threat may be made by conduct as well as by words (Act No. 328, § 84, Pub. Acts 1931).

11. SAME—REQUESTS TO CHARGE—INSTRUCTIONS—QUESTIONS REVIEWABLE.

In prosecution for assault with intent to do great bodily harm less than the crime of murder alleged to have been committed by pointing a loaded shotgun at a police officer, defendant's failure to make a specific request to trial court to charge with reference to defendant's rights in his home precluded his right to complain as to the charge in such respect, assuming such complaint were justified in view of defendant's assertion that he had made no assault rather than that he had made a justified assault (Act No. 328, § 84, Pub. Acts 1931).

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted April 17, 1947. (Docket No. 72, Calendar No. 43,430.) Decided May 16, 1947.

Arthur Counts was convicted of felonious assault. Affirmed.

*James H. Baker,* for appellant.

*Eugene F. Black,* Attorney General, *Rex B. Martin,* Prosecuting Attorney, and *Paul T. Betz,* Assistant Prosecuting Attorney, for the people.

CARR, C. J. Defendant was tried in circuit court on an information charging assault with intent to do great bodily harm less than the crime of murder, in violation of Act No. 328, § 84, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–84, Stat. Ann. 1946 Cum. Supp. § 28.279). Said information alleged that the assault was made by means of a dangerous weapon, to-wit, a 12-gauge shotgun, the same being loaded and cocked. The jury returned a verdict of the included offense of felonious assault and defendant was sentenced accordingly. He has appealed, alleging that errors occurred in the course of the trial that require a reversal of the conviction and the setting aside of the sentence.

One of the police officers who arrested defendant testified, over objection by defendant's counsel, that following the arrest he smelled liquor on defendant's breath. It is argued by counsel for defendant that, inasmuch as defendant was not charged with being drunk or disorderly, the testimony in question was not competent and tended to bring into the case an irrelevant and incompetent issue. With this contention we are unable to agree. The offense charged in the information, as well as the lesser

and included offense of which defendant was convicted, involved a specific intent as an essential element. Presumably the testimony indicating that defendant had been drinking was offered for such bearing as it might legitimately have on defendant's mental condition, and on the reason or reasons for his conduct as disclosed by the testimony of the various witnesses in the case. The testimony was admissible for the purpose indicated. The general rule is stated in 22 C. J. S. p. 947, as follows:

"Where the existence of a particular purpose, motive, or intent is a necessary element of the crime charged, evidence of intoxication is relevant and admissible to assist the jury in determining accused's purpose, motive, or intent, or in fixing the degree of the crime."

Likewise, in 20 Am. Jur. p. 317, it is said:

"All evidentiary circumstances which are relative to, or tend to shed light on, the motive or intent of the defendant or which tend fairly to explain his actions are admissible in evidence against him, although they may have occurred previous to the commission of the offense."

In offering the testimony the prosecuting attorney disclaimed any attempt to show that defendant was actually drunk at the time of the alleged assault. It was obviously the people's theory, however, that defendant's conduct was not that of a wholly normal individual but was of such character as to indicate that defendant was mentally disturbed and irritable. Testimony of the character in question was proper to assist the jury in determining what offense, if any, defendant had committed. Thus, in *People* v. *Droste*, 160 Mich. 66, testimony was introduced indicating that defendant had been drinking prior to the commission of the homicide

for which he was tried. The information in the case charged the crime of murder. The trial court, in charging the jury, submitted also the included offense of manslaughter, of which crime defendant was convicted. In holding that the trial court was warranted in submitting the case on the theory of manslaughter, as well as that of murder, this Court made reference to the matter of defendant's possible intoxication, indicating that the jury might, under the proofs, have properly determined that defendant's mental condition was such as to render him guilty of the lesser offense. It is quite possible that in the case at bar the jury was influenced by a similar consideration in convicting defendant of felonious assault rather than the more serious crime with which he was charged in the information.

In *People* v. *Sehorn,* 116 Cal. 503 (48 Pac. 495), the defendant, charged with the crime of murder, was convicted of manslaughter. It was there held that testimony of a witness that defendant's appearance indicated he had been drinking was properly admitted, the court citing prior decisions in support of its conclusion. There was no error in the case at bar in the ruling of the trial court admitting the testimony tending to show that defendant had been drinking prior to the alleged assault.

Error is also alleged because the prosecuting attorney, in cross-examining the defendant, brought out that defendant came from Tennessee, that the possession of firearms was customary in that State, and that as a child defendant had a gun. As before noted, the information filed against defendant alleged that the assault was committed with a shotgun. It may be assumed the questions of the prosecutor were intended to show that defendant had some familiarity with the weapon which, according to his own testimony, he had in his hands at the

time of the alleged offense. It is suggested by counsel for defendant that bringing out that defendant was from Tennessee naturally had a tendency to prejudice the jury. There is nothing in the record, however, to support any such suggestion. Moreover, no objection was made to the questions of the prosecutor with reference to the matter. As suggested we do not think that such an objection would have been well founded. In any event, failure to make it precludes the raising of the question on appeal. It is a general rule that failure to raise a question in the trial court precludes consideration of such question by an appellate court. *People* v. *Stimer,* 248 Mich. 272 (67 A. L. R. 552); *People* v. *May,* 199 Mich. 574. In 23 C. J. S. p. 512, *et seq.,* it is said:

"Failure to make proper and timely objection to the admission of evidence claimed to be incompetent or otherwise objectionable, or to move to strike it out after its admission, giving a reason for the motion to strike out such evidence or to request or ask for an instruction as to its effect, or failure to insist on and obtain a ruling on an objection made. generally constitutes a waiver of the right to object and cures the error, if any."

The people offered as a witness Dr. Frank Broadwater, who testified that on the night of the commission of the alleged offense, while seeking to locate a certain number on the street where defendant lived, he went, by mistake, to defendant's house, and that when the witness was about half way between the sidewalk and defendant's apartment, defendant came running out the door with a shotgun. The witness testified, in substance, that he had never seen defendant before, and that the latter inquired if the witness was a "cop." He further testified that defendant kept the gun pointed at the knees of the witness, and that defendant moved the

gun with the movements of the witness, keeping it pointed as indicated. The doctor also testified that after he had started back towards his car he heard a shot behind him. The witness did not claim, however, that the gun was discharged, intentionally or otherwise, at him.

It is urged on behalf of defendant that the reception of the testimony of Dr. Broadwater was prejudicial to defendant, and that such testimony was not competent because the doctor was not a *res gestae* witness. The testimony of the witness Seay indicates that the incident, to which Dr. Broadwater testified, occurred some 10 or 15 minutes prior to the alleged assault. It is not questioned that the gun with which defendant was armed at the time of his conversation with the doctor was the same weapon claimed to have been used in the offense of which he was convicted. However, whether the doctor is regarded as a *res gestae* witness is not material. The testimony that he gave tended to throw light on defendant's mental condition at the time he made the alleged assault charged in the information, and had a bearing on the intent with which defendant acted. The testimony of the doctor justified the inference that defendant was in a belligerent frame of mind, and that he was anticipating that police officers might be looking for him.

In *People* v. *Owen,* 154 Mich. 571 (21 L. R. A. [N. S.] 520), defendant was convicted of assault with intent to kill and murder. Testimony was introduced as to prior threats claimed to have been made by defendant, and also as to his conduct. Such testimony was offered as bearing on the question of intent. In holding that there was no error in receiving such testimony it was said:

"It is urged that there was error committed in permitting evidence that the defendant went to the house of his father- and mother-in-law, where his

wife was staying, and assaulted them with a deadly weapon, and also of previous threats made against his wife and child. That he went there in the expectation of finding his wife, is clear. His conduct and threats on that occasion were competent. The witness testified that the defendant wanted to kill the whole family. His declarations before the crime, indicating enmity towards his wife and child and her parents, and that he was contemplating an assault upon some one of the family, are admissible. Underhill on Criminal Evidence, p. 394; *Parker* v. *State*, 136 Ind. 284 (35 N. E. 1105); *State* v. *Pierce*, 90 Iowa, 506, 511 (58 N. W. 891); *People* v. *Haxer*, 144 Mich. 575."

See, also, *People* v. *Reycraft*, 156 Mich. 451.

The record does not affirmatively show that objection was made to the testimony of Dr. Broadwater. If not, defendant is in no position to urge the matter in this Court. However, we think the testimony was competent and that there was no error on the part of the trial court in receiving it.

It is further urged in defendant's behalf that the evidence in the case did not support the verdict, and that the trial judge should, on his own motion, have directed a verdict of not guilty. This claim necessitates consideration of the testimony in the case. On behalf of the people, Officer Faust, on whom the assault was alleged to have been committed, testified that shortly before 9 o'clock in the evening, on the date alleged in the information, a call came into police headquarters in the city of Adrian, to the effect that there was a disturbance, or shooting, in a certain locality. The witness, with another officer, went to the neighborhood in question, made some inquiries, and, as a result, approached the residence of the defendant. The witness testified that as the officers stopped their car opposite the entrance to defendant's apartment they could see two men sitting in a room therein;

that the officers approached the door of such apartment and when a few feet from it, one of the men got up and reached for a gun which was leaning against the wall; that defendant started towards the door with the gun, pushing it open with the barrel just as the witness arrived at the door. The witness further testified that the gun projected past the door, that he grasped it and pushed it aside, and that defendant made a statement to the effect that the gun was loaded and cocked. Thereupon the two officers took the gun away from defendant and placed him under arrest. The testimony of Officer Faust was corroborated in its main features by that of the other officer. It should be noted further that Officer Faust testified positively that the gun was pointed at his side.

Defendant did not deny the possession of the gun but claimed that he did not assault the officer on the occasion in question. It was his claim, in substance, that prior to the time the officers came to his apartment he had been celebrating Armistice Day by discharging his shotgun, that just before the officers reached his door he concluded that he would go outside and resume his celebration, that he started to do so, and encountered the officers at the door. His claims as to his conduct, and his lack of intent to make any assault, were placed before the jury, and in certain respects were corroborated by his witnesses. As a result the jury had before it conflicting claims as to what occurred. It is apparent from the verdict rendered that the jury accepted the version of the occurrence given by the witnesses for the people. In view of the condition of the record, the case was properly submitted to the determination of the jury. It was not the duty of the trial court to direct a verdict of acquittal. *People* v. *Veitenheimer,* 229 Mich. 409. Defendant's conviction was supported by the evidence.

Defendant's claim that the specific intent necessary to constitute the offense of which he was convicted could not have been found by the jury because no threats were shown to have been made by him to Officer Faust is without merit. A threat may be made by conduct as well as by words, and certainly pointing a loaded gun at one, under the circumstances indicated by the testimony of the people's witness, may well be regarded as a threat, and as indicating an intent to injure.

Defendant further contends that the court should have charged the jury with reference to the rights of defendant in his home. Defendant did not claim, however, that he made a justified assault on the officers in order to protect his home, his family, or himself. Rather, he denied any assault whatever, and claimed that he did not know the officers were approaching his apartment until he had opened the door. It may be noted, also, that the officers did not arrest defendant until after the alleged assault and it is not shown that they entered his residence. Moreover, defendant made no specific written request to charge. In consequence, he is not now in position to complain with reference to the failure of the trial court to cover the specific point in question, assuming that such would have been proper. *People* v. *Barringer*, 311 Mich. 345. It should be noted, also, that the record does not contain the charge of the court as actually given.

Other questions referred to in the briefs of counsel do not require specific consideration. They have been examined and found to be without merit. There was no reversible error in the conduct of the trial, and the conviction and sentence are affirmed.

Butzel, Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.