THOMAS KOONCE *vs.* COMMONWEALTH.

Suffolk. January 8, 1992. - February 27, 1992.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Homicide. Self-Defense. Practice, Criminal*, Double jeopardy, Required finding.

Evidence at the trial of an indictment charging first degree murder was sufficient to warrant a jury of ordinary intelligence in finding beyond a reasonable doubt that the defendant had not acted in justifiable self-defense; consequently, when the jury were unable to agree on a verdict, the defendant was not entitled to a required finding of not guilty, or to relief from this court in a proceeding under G. L. c. 211, § 3, seeking dismissal of the indictment either "in whole or in part" on common law double jeopardy principles. [73-75]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 6, 1991.

The case was heard by *Wilkins*, J.

*Frank J. McGee* for the plaintiff.

*John D. Moses*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. Thomas Koonce (defendant) was tried before a jury in the Superior Court on an indictment charging him with murder in the first degree. He asserted self-defense and, at the close of the evidence, moved for a required finding of not guilty on the ground that the prosecution's evidence was insufficient to warrant a finding beyond a reasonable doubt that he had not acted in self-defense. The trial judge denied the defendant's motion and submitted the case to the jury. The jury were unable to agree upon a verdict, and a mistrial was declared.[1] When the Commonwealth announced its in-

---

[1] The jury sent two notes to the judge concerning the progress of their deliberations. In their first note, the jury stated that they were "unable to

tention to retry him, the defendant moved to dismiss the indictment on common law principles of double jeopardy, again claiming that the evidence at the trial was insufficient to disprove self-defense beyond a reasonable doubt. The judge denied the motion.

The defendant next sought relief before a single justice of this court by means of a petition under G. L. c. 211, § 3 (1990 ed.). See *Neverson* v. *Commonwealth*, 406 Mass. 174, 175-176 (1989); *Commonwealth* v. *Ginnetti*, 400 Mass. 181, 182-183 (1987); *Commonwealth* v. *Chatfield-Taylor*, 399 Mass. 1, 2-3 (1987); *Berry* v. *Commonwealth*, 393 Mass. 793, 794 (1985). The petition asked that the indictment be dismissed either "in whole or in part" on common law double jeopardy principles. The petition was accompanied by a transcript of the evidence at the trial and memoranda of counsel on the double jeopardy question. The single justice held a hearing on the petition, reviewed the transcript and arguments of counsel, and entered a judgment, accompanied by a memorandum of decision, denying the petition. The defendant has appealed.[2]

The evidence presented by the Commonwealth at trial disclosed the following. On the night of July 20, 1987, the defendant and three friends, all from Brockton, were driving in a 1981 Chevrolet Monte Carlo automobile registered to one of the friends, seeking some diversion. The defendant and his friends first visited a club in Westport and then a Burger King restaurant in Dartmouth, departing each place after the outbreak of skirmishes between groups from Brockton and New Bedford.

In the early morning of July 21, the defendant and his friends drove, along with another contingent from Brockton to New Bedford, where they had been told a house party was underway. Having left the car, the defendant and his friends

reach a unanimous decision." Following further deliberations, the jury's second note advised that they "remain[ed] unable to reach a unanimous decision due specifically to major disagreement on the issue of self-defense."

[2]The defendant's retrial has been stayed pending decision of the appeal.

saw a gathering of between thirty and seventy New Bedford youths, including the victim, running toward them. There was testimony that the victim was unarmed, and there was conflicting testimony as to whether other members of the New Bedford crowd were unarmed or were carrying clubs and bats. The defendant and his friends returned to their car, as some of the New Bedford crowd smashed the windows of another car and fought with or beat a member of the second Brockton contingent.

There was conflicting testimony as to whether the path of retreat for the defendant and his friends was blocked by one or more other cars for some period of time after they reached the Monte Carlo. As the defendant and his friends drove off in the Monte Carlo in an effort to escape from the New Bedford crowd, the defendant fired a single shot which hit the victim, who was in pursuit of the car on foot. There was testimony that the victim never came closer than fifteen feet to the Monte Carlo, and there was testimony (contradicted by one of the defendant's friends) that the Monte Carlo had already started to pull away from the crowd before or at the moment of the shooting. The bullet fired from the defendant's gun entered the victim's chest and passed through his heart, fatally wounding him. After initially denying to police any knowledge of a gun's having been fired, the defendant admitted that he "did it," and admitted to having disposed of the gun, but claimed to have had no other choice in the circumstances.

The defendant concedes that he fired the shot that killed the victim but argues to us, as he did to the single justice, that the Commonwealth's evidence did not, as matter of law, provide a sufficient basis to prove beyond a reasonable doubt that he had not acted in justifiable self-defense. Phrased affirmatively, the defendant argues that the Commonwealth's evidence permitted only one reasonable conclusion — that he had acted in justifiable self-defense. As a consequence he concludes that he was entitled to a required finding of not guilty or the relief pursuant to G. L. c. 211, § 3.

We inquire whether the evidence, viewed in a light most favorable to the Commonwealth, and with all appropriate inferences in the Commonwealth's favor, warranted a finding by a jury of ordinary intelligence beyond a reasonable doubt that the defendant had not acted in justifiable self-defense. *Commonwealth* v. *Latimore,* 378 Mass. 671, 676 (1979). *Commonwealth* v. *Vellucci,* 284 Mass. 443, 445 (1933).

Considered under this standard, the Commonwealth's evidence was, at a minimum, sufficient to support a finding by a jury, that, beyond a reasonable doubt, the defendant failed to exhaust all reasonable means of escape or retreat to avoid physical combat before resorting to the use of deadly force.[3] See *Commonwealth* v. *Epsom,* 399 Mass. 254, 257-258 (1987).

The evidence was conflicting on whether the path of the Monte Carlo was impeded as a group of New Bedford youths approached it. There was testimony, however, from a Commonwealth eyewitness which would have supported a reasonable inference that, at the time the defendant shot the victim, the defendant and his friends could have avoided their pursuers without resort to the use of a gun. Specifically, this testimony would have warranted a jury's finding that, when the defendant fired the fatal shot, the Monte Carlo was in the process of leaving the scene and had a path to escape because the car in front of it (that had been blocking it) was backing away at a fast rate of speed.[4]

---

[3]As a consequence, we need not decide whether the Commonwealth's evidence was sufficient to warrant a finding that the defendant did not have reasonable grounds to believe or did not actually believe that he was in imminent danger of death or serious bodily harm, or a finding that the defendant used more force than was reasonably necessary in the circumstances. *Commonwealth* v. *Harrington,* 379 Mass. 446, 450 (1980). Both of these criteria, however, like the issue of availability of retreat, "ordinarily are questions of fact for the jury, to be decided in light of all the existing circumstances." *Commonwealth* v. *Shaffer,* 367 Mass. 508, 512 (1975).

[4]We also note that the defendant's actions in disposing of the gun, and in initially denying any knowledge of a gun, only later admitting the shooting, constitute evidence of consciousness of guilt which also might go to show the absence of self-defense, since homicide in the legitimate exercise

The defendant's arguments boil down to claims that (a) inconsistencies in the Commonwealth's evidence required acceptance of his view of the evidence, and (b) he is entitled to the benefit of all conflicting inferences. Inconsistencies in testimony, however, do not render it insufficient. See *Commonwealth* v. *Fiore*, 364 Mass. 819, 824 (1974). Issues of the credibility and weight of the evidence are "for the jury to decide; they may accept or reject, in whole or in part, the testimony presented to them." *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 411 (1978). See *Commonwealth* v. *Nardone*, 406 Mass. 123, 129-130 (1989) ("The defendant's arguments are in reality directed toward the weight and credibility of the evidence, a matter wholly within the province of the jury"); *Commonwealth* v. *Hoffer*, 375 Mass. 369, 377 (1978); *Commonwealth* v. *Fiore*, *supra*; *Commonwealth* v. *Holiday*, 349 Mass. 126, 129 (1965). Similarly, "[t]o the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies.' "[5] *Commonwealth* v. *Wilborne*, 382 Mass. 241, 245 (1981), quoting *Commonwealth* v. *Amazeen*, 375 Mass. 73, 81 (1978).

---

of self-defense is not criminal. See *Commonwealth* v. *Epsom, supra* at 258-259.

Consciousness of guilt evidence, while tending to disprove self-defense, is not itself evidence of malice aforethought. *Commonwealth* v. *Epsom, supra* at 259. The defendant does not argue, however, that the evidence, putting aside the claim of self-defense, would not have supported an inference that the defendant acted with malice aforethought in using a deadly weapon. See *Commonwealth* v. *Albert*, 391 Mass. 853, 859-861 (1984); *Commonwealth* v. *Davis*, 364 Mass. 555, 557 (1974). When the evidence of consciousness of guilt is considered together with the evidence that escape was both possible and imminent, it cannot be argued with any persuasiveness that the defendant was entitled to a finding that self-defense existed as matter of law.

[5]The defendant, of course, would have the right to seek posttrial relief available to him if a verdict of guilty is returned. Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979).

The judgment entered in the county court denying the defendant's petition is affirmed.

*So ordered.*