USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1458 THOMAS KOONCE, Plaintiff - Appellant, v. PETER A. PEPE, SUPERINTENDENT, Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _____________________ Stephen Hrones, with whom Michael A. Goldsmith and Hrones & ______________ _____________________ ________ Garrity were on brief for appellant. _______ Ellyn H. Lazar, Assistant Attorney General, Criminal Bureau, ______________ with whom Scott Harshbarger, Attorney General, was on brief for __________________ appellee. ____________________ November 6, 1996 ____________________ TORRUELLA, Chief Judge. Plaintiff-appellant Thomas TORRUELLA, Chief Judge.  ____________ Koonce ("Koonce") filed this petition for a writ of habeas corpus under 28 U.S.C. 2254. The sole issue before us is whether the jury instructions in Koonce's state court murder trial violated his due process rights by impermissibly shifting the burden of proof. Like the district court before us, we find that the jury instructions did not violate Koonce's due process rights under the Fourteenth Amendment, and we therefore affirm the district court's dismissal of the petition for habeas corpus. BACKGROUND BACKGROUND The events that led to the murder charge in this case are detailed in the prior decisions of the Supreme Judicial Court ("SJC"). See Commonwealth v. Koonce ("Koonce II"), 636 N.E.2d ___ ____________ ______ _________ 1305, 1306-07 (Mass. 1994). In brief, on the night of July 20, 1987, Koonce and three others from Brockton, Massachusetts, travelled in a car to a nightclub in Westport, then to a Burger King in Dartmouth, and finally to a housing project in New Bedford. At the first two locations fights erupted between groups from New Bedford and Brockton, but Koonce and his friends remained uninvolved.1 At the New Bedford housing project, however, a confrontation arose, which resulted in a large group of people from New Bedford, including the victim, chasing Koonce and his friends back to their car, as well as beating a member of another Brockton group. When Koonce and his friends reached  ____________________ 1 There was testimony that Koonce pulled out a gun at the Burger King. Koonce II, 636 N.E.2d at 1306. _________ -2- their car, their path was blocked by another automobile. There was conflicting testimony at trial as to how close the crowd got to the car. Once the path cleared, the driver of the car accelerated. A shot was fired, and the victim was fatally wounded. Koonce later went to the police and stated that he had fired the shot. Id. at 1307. ___ Koonce was indicted for murder in the first degree. His first trial before a jury in the Massachusetts Superior Court ended in a mistrial when the jury was unable to reach a verdict on the issue of self-defense. See id. at 1306. A second trial ___ ___ was held in 1992,2 and the jury convicted Koonce of murder in the first degree. Koonce was sentenced to life imprisonment without the possibility of parole. Koonce filed a motion for new trial asserting, inter _____ alia, that the final instruction given on voluntary manslaughter ____ violated his Fourteenth Amendment right to due process of law. The trial judge denied the motion, and the SJC affirmed. Id. ___ Koonce subsequently brought this petition for a writ of habeas corpus in the district court for the district of Massachusetts. The district court dismissed the petition, and this appeal ensued. DISCUSSION DISCUSSION I. The Jury Instructions I. The Jury Instructions _____________________  ____________________ 2 Before his second trial, Koonce sought relief before a single justice of the SJC, under Mass. Gen. L. ch. 211 3, on common law double jeopardy principles. Koonce's petition was denied, and the full bench of the SJC affirmed the order. See Koonce v. ___ ______ Commonwealth ("Koonce I"), 587 N.E.2d 220 (Mass. 1992). ____________ ________ -3- This case centers on a single statement made by the trial court in its instructions to the jury. As the content and context of that instruction is crucial to our analysis, we quote here from the trial court's instructions to the jury at length. The court began by instructing the jury about murder in the first and second degree. It then turned to manslaughter: If . . . the Commonwealth has not proved beyond a reasonable doubt the elements necessary to prove the defendant guilty of second degree murder, then you may consider whether the Commonwealth has proved the lesser included offense of manslaughter.  Now, before I define manslaughter, I made reference earlier to self defense and let me define that specifically now before we discuss manslaughter. Evidence has been offered in this case that the defendant acted in self defense. A person may lawfully use reasonable force to defend himself from a physical attack. Bear in mind that the defendant does not have to prove anything.  If evidence of self defense is present, the Commonwealth must prove beyond a reasonable doubt he did not act in self defense. If the Commonwealth has failed to prove beyond a reasonable doubt that the defendant did not act in self defense, then you must find the defendant not guilty. In other words, if you have a reasonable doubt whether or not the defendant acted in self defense, your verdict must be not guilty.  Tr. at 6-61 to 6-62. The trial court continued with instructions as to what a reasonable person in the defendant's position must believe in order to have acted in self defense, and what would constitute excessive force. The instructions then went on: Remember the defendant does not have to prove anything. The prosecution must prove beyond a reasonable doubt that the -4- defendant acted with excessive force.  If there is evidence that the defendant may have acted in self defense, then the Commonwealth must prove beyond a reasonable doubt, as I said earlier, that the defendant did not act in self defense. If you determine that the Commonwealth has failed to prove beyond a reasonable doubt that the defendant did not act in self defense, then you must, of course, find the defendant not guilty. In other words, if you have a reasonable doubt as to whether or not the defendant acted in self defense, your verdict must be not guilty. Now, if the Commonwealth fails to prove beyond a reasonable doubt that the defendant did not act in self defense, but the Commonwealth does prove beyond a reasonable doubt that the defendant used excessive force in defending himself in the light of all the circumstances and if death resulted from the use of excessive force, then you may consider whether the defendant is guilty of manslaughter. Okay? Tr. at 6-61 to 6-65. The trial court then set out what manslaughter is, the difference between murder and manslaughter, what mitigating circumstances might negate the element of malice, and defined voluntary manslaughter. It continued: In order to prove the defendant guilty of voluntary manslaughter the Commonwealth must prove three elements beyond a reasonable doubt: first, that the defendant inflicted an injury upon the victim and from which injury he died; second, that the defendant intentionally killed the victim, but he used excessive force in self defense; third, that the homicide was committed unlawfully without legal excuse or justification.  Now, facts or circumstances as I've indicated may mitigate or reduce murder to manslaughter. This is when a person kills using excessive force in self defense. That is what the Commonwealth's theory is. They say that if [the -5- defendant] was justified in using self defense, he used excessive force in defending himself . . . .  Specifically, if the person initiated an assault against the defendant so the defendant reasonably feared that he was in danger of being killed or suffering grievous bodily injury at the hands of the victim, then the defendant has the initial right to use whatever means are reasonably necessary to avert the threatened harm. But if the defendant used excessive force -- that is, more force than was reasonable and proper under the circumstances -- or the defendant himself became the attacker and the use of such excessive force resulted in the death of the victim, then that would constitute manslaughter. So, you see it all depends on the facts as you see them. Immediately following these statements came the instruction at issue here: Also, you may not return a verdict of guilty of manslaughter unless the defendant proves beyond a reasonable _________________________________________ doubt that the defendant used excessive _____ ___________________________________ force in defending himself, again in the _____ circumstances as you see them. Tr. at 6-68 (emphasis added). The parties are agreed that this sentence of the instruction was faulty, as it is in fact the Commonwealth that must prove beyond a reasonable doubt that ____________ Koonce used excessive force in his defense.3 See Commonwealth v. ___ ____________ Rodr guez, 352 N.E.2d 203, 205-06 (Mass. 1976). _________ The court said no more on the topic of voluntary manslaughter. Instead, it moved on to instruct on involuntary  ____________________ 3 Counsel for Koonce did not object to the instruction at the time it was made, but did file a motion for a new trial based on this same ground. The SJC and the district court both met the issue on the merits. See Koonce II, 636 N.E.2d at 1308.  ___ _________ -6- manslaughter and other matters in the case, including the Fifth Amendment and the defendant's right not to testify. In the context of the latter, it instructed that the defendant has an absolute right not to testify since the entire burden of proof in this case is on the prosecution to prove that the defendant is guilty. It is not up to the defendant to prove that he is not guilty or he is innocent. Tr. at 6-77. II. The Legal Framework II. The Legal Framework ___________________ A. The Standard Governing the Writ A. The Standard Governing the Writ _______________________________ In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Title I, 104, 110 Stat. 1219, changed the standard governing the issuance of the writ of habeas corpus. The new language states that  (d) [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. 2254(d). The district court's action preceded enactment of the new standard, and so it reviewed Koonce's petition under the old standard, i.e., whether the petitioner was ____ -7- "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Appellee argues that, notwithstanding the district court's use of the prior statute, the new standard applies here. However, we need not determine which standard applies in this context, as we find that under either statute Koonce's petition must fail. B. The Applicable Case Law B. The Applicable Case Law _______________________ The district court analyzed Koonce's claim that the jury instruction violated his due process rights under Hill v. ____ Maloney, 927 F.2d 646 (1st Cir. 1990), and Koonce maintains that _______ we should do the same.  Under Hill, a reviewing court must first ____ determine whether a reasonable juror would have interpreted the challenged portion of the instruction as creating a mandatory presumption. If so, the court must then consider whether other parts of the charge clarified the ill-advised language with the result that a reasonable factfinder would not have understood the instruction to create an unconsitutional presumption. Finally, if the court determines that the charge as a whole left the jurors with an impermissible impression, the court must proceed to evaluate the harmlessness vel ___ non of the error. ___ Anderson v. Butler, 23 F.3d 593, 595 (1st Cir.) (citations ________ ______ omitted), cert. denied, __ U.S. __, 115 S. Ct. 331 (1994).  ____________ Appellee, however, argues that Koonce's reliance on Hill is misplaced. Appellee contends that the instruction at ____ issue here did not create a presumption, mandatory or otherwise. A mandatory presumption instructs the -8- jury that it must infer an "elemental fact" such as intent or malice from proof of a "basic fact" such as a knowing act. . . . A permissive presumption allows but does not require the jury to infer the elemental fact upon proof of the basic facts. Hill, 927 F.2d at 648-49; see, e.g., Libby v. Duval, 19 F.3d 733, ____ ___ ____ _____ _____ 735-36 (1st Cir.) (finding instruction that "[m]alice is implied in every deliberate cruel act by one against another" created mandatory presumption), cert. denied, __ U.S. __, 115 S. Ct. 314 ____________ (1994). We agree that no such presumption was established here. As appellant notes, read literally, the instruction simply misinforms the jury that to warrant a verdict of manslaughter, Koonce was required to prove that he acted with excessive force. The instruction did not state that upon finding certain predicate facts, the jury could infer that a necessary element of the Commonwealth's case had been met. Accordingly, we turn to the traditional harmless error analysis. See Sullivan v. Louisiana, 508 U.S. 275, 281 (1993). ___ ________ _________ "The only question for us is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 _______ _______ (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). We ____ ________ must address the instruction "in the context of the instructions as a whole and the trial record," and "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Id. ___ (quoting Boyde v. California, 494 U.S. 370, 380 (1990)); see also _____ __________ ________ -9- Gilday v. Callahan, 59 F.3d 257, 260 (1st Cir. 1995), cert. ______ ________ _____ denied, __ U.S. __, 116 S. Ct. 1269 (1996). ______ III. The Harmlessness of the Error III. The Harmlessness of the Error _____________________________ A. The Individual Instruction A. The Individual Instruction __________________________ Taken literally, the erroneous instruction shifted the burden of proof on excessive force to Koonce. The SJC, and the district court after it, however, concluded that "[e]ven taken in isolation the jury would understand that the judge had made an error because there would be no purpose in the defendant proving he used excessive force." Koonce II, 636 N.E.2d at 1308. __________ Koonce, however, maintains that he did have an interest in proving excessive force. As he states in his brief, if his "'perfect' self-defense argument failed, he certainly had a compelling interest in convincing the second jury that he acted in self-defense, albeit with excessive force, and was therefore guilty of the lesser crime of manslaughter." Brief of Appellant, at 13. We disagree. Koonce's argument would only withstand scrutiny if the jury were asked to find first, whether Koonce acted in "perfect" self defense, and if not, second, whether he acted in self-defense with excessive force. That is not, however, what the jury was asked to weigh. Instead, it was instructed as follows: Now, if the Commonwealth fails to prove beyond a reasonable doubt that the defendant did not act in self defense, but the Commonwealth does prove beyond a reasonable doubt that the defendant used excessive force in defending himself in -10- the light of all the circumstances and if death resulted from the use of excessive force, then you may consider whether the defendant is guilty of manslaughter.  Tr. at 6-64 to 6-65. In short, the jury was instructed to first determine whether the Commonwealth failed to prove Koonce did not act in self defense. Thus, the jury would only consider the excessive force question if it had already determined that Koonce had acted in self-defense. At that juncture, it was not in Koonce's interest for the jury to find excessive force, because if it concluded that he had not acted with excessive force, he would be acquitted. Therefore, we agree with the SJC and the district court that Koonce had no interest in proving that he acted with excessive force, and any reasonable juror would have understood that it would be illogical for Koonce to carry the burden of proving excessive force.  What is more, the verdict suggests that the jury never reached the question of excessive force. See Ducette v. Vose, ___ _______ ____ 842 F.2d 538, 542-43 (1st Cir. 1988) (denying petition for writ of habeas corpus where there was no "virtually no likelihood" that the erroneous instruction could have made a difference in the jury's deliberations). The jury found Koonce guilty of first degree murder. As the trial court instructed the jury, the first element of first degree murder is whether the defendant committed an unlawful killing. According to the instructions, the jury could only find that this element was met if it found that the Commonwealth proved beyond a reasonable doubt that Koonce did not _______ act in self defense. Because the jury found Koonce guilty of -11- first degree murder, it must have found that he did not act in self-defense. The issue of excessive force would therefore never have arisen.  Koonce attempts to argue that the jury would, in fact, have applied the erroneous instruction by maintaining that the error served to shift the burden of proof to him on the question of self-defense. Acknowledging that the plain language of the instruction went only to excessive force, he nonetheless contends that the jury could have construed the misinstruction as an instruction requiring that Koonce prove he acted in self-defense, such that a reasonable juror would have believed that manslaughter was not an option unless Koonce demonstrated beyond a reasonable doubt that he acted in self-defense.  We find no substance in Koonce's position. First, as the appellee notes, the judge's statement, given its plain interpretation, simply did not mean what Koonce claims. The instruction was that Koonce had to prove excessive force, not ___ that he had to prove self-defense. Second, the trial court clearly described self-defense and excessive force as two separate concepts, with the latter only arising as an issue if the jury did not find the former. The lines between the two concepts were not blurred, as Koonce would have us believe. Simply put, a reasonable juror would not have misconstrued an instruction about excessive force to apply to the more basic question of self-defense. B. The Instruction in the Context of the Whole B. The Instruction in the Context of the Whole ___________________________________________ -12- The district court found, as did the SJC, that "reading the charge as a whole, no reasonable juror could have been left with any other impression than that the burden of proof was on the Commonwealth with respect to every element of the case and that the defendant had no burden whatsoever to prove anything." District Court Memorandum of Decision and Order, at 6. Koonce argues here that the other portions of the charge cannot explain away the challenged instruction, especially given the importance of the issue. Koonce focuses on the fact that this was the district court's final comment on voluntary manslaughter. He contends that it is more likely that a juror would follow the erroneous instruction as it was the judge's last comment on the topic, and as it included imperative language such as "you may not." We disagree. Of course, the mere fact that correct instructions were given as well as the incorrect one does not save the instruction. See Libby, 19 F.3d at 737. But the ___ _____ judge's instructions here as to burden of proof were much more comprehensive than Koonce would acknowledge. As the SJC put it, [t]he misstatement in the instruction came after the judge: correctly stated that it was the Commonwealth's burden to prove manslaughter; twice correctly stated that the defendant did not have to prove anything; twice correctly stated that the Commonwealth must prove beyond a reasonable doubt that the defendant did not act in self-defense; twice correctly stated that, if there was a reasonable doubt as to whether the defendant acted in self-defense, the verdict must be not guilty; and three times correctly stated that the Commonwealth must prove beyond a -13- reasonable doubt that the defendant used excessive force.  Koonce II, 636 N.E.2d at 1309. What is more, although the __________ challenged instruction was the last word on voluntary manslaughter, the judge continued his instructions, correctly apportioning the burden of proof for involuntary manslaughter, and, most significantly, stating that "the entire burden of proof in this case is on the prosecution to prove that the defendant is guilty." Tr. at 6-77. In this context, and given our agreement with the SJC "that the offending language was meaningless in the context of the trial and the charge as a whole," id., our review ___ of the totality of the jury instructions leads us to the conclusion that any confusion was adequately clarified, and so no reasonable juror would have applied the unconstitutional instruction. See Anderson, 23 F.3d at 597; cf. Francis v. ___ ________ ___ _______ Franklin, 471 U.S. 307, 315 (1985) ("Other instructions might ________ explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption.").  Koonce next argues that, for two reasons, viewing the record as a whole, the trial court's error "'"had substantial and injurious effect or influence in determining the jury's verdict."'" Libby, 19 F.3d at 738 (quoting Brecht v. _____ ______ Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United __________ _________ ______ States, 328 U.S. 750, 776 (1946))). First, he reiterates his ______ position that the instruction placed the burden on him to prove self-defense, an argument we have already dismissed. Second, -14- Koonce maintains that the facts of this case, including his flight from a large group of people who had just beaten another man, and the firing of only a single shot, paired with the fact that the first jury to hear the case could not reach a verdict, mandate the conclusion that the trial judge's error had a substantial impact on Koonce's chance for acquittal, or, at the very least, a manslaughter verdict. These circumstances, he urges, should lead to "grave doubt" in our minds as to the harmlessness of the trial court's error, such that we should treat the error as if it affected the verdict. See O'Neil v. ___ ______ McAninch, __ U.S. __, __, 115 S. Ct. 992, 994 (1995).  ________ Koonce cites no authority for his premise that the mistrial in his first trial should shade our reasoning in this case. Even assuming that we should do so, however, we find no reason to doubt our conclusion that the error was harmless. No reasonable juror would have applied the erroneous instruction, given that the instructions as a whole clarified the burden of proof, that Koonce had no interest in proving excessive force, and that the jury found Koonce guilty of first degree murder, and thus should never have had to weigh the question of excessive force. In essence, Koonce's last argument is really seeking clemency, based on the tragic circumstances of this case. We recognize that we are Koonce's court of last resort. A grant of clemency, however, is not within this court's purview, and so we -15- affirm the decision of the district court.4 CONCLUSION CONCLUSION For the reasons detailed above, the decision of the district court denying Koonce's petition for a writ of habeas corpus is affirmed. affirmed ________  ____________________ 4 The Supreme Court has found that the traditional harmless error analysis does not apply to jury instructions that constitute a "'structural defect[] in the constitution of the trial mechanism.'" Sullivan v. Louisiana, 508 U.S. at 281 ________ _________ (quoting Arizona v. Fulminante, 499 U.S. 279, 309 (1991)). In _______ __________ Sullivan, the Court found that an instruction that gave an ________ unconstitutional definition of "reasonable doubt" misdescribed the burden of proof, such that there essentially was "no jury verdict within the meaning of the Sixth Amendment." Id. at 280. ___ The Court stated that "the essential connection to a 'beyond a reasonable doubt' factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates all the jury's findings." Id. at 281.  ___ ___ Koonce cites Sullivan here for the proposition that the error ________ in this case worked a federal due process violation, but does not argue that the error was structural, such that the harmless error standard would not apply. Nonetheless, for the sake of clarity, we note that this was not a "structural" error, as the misinstruction did not relieve the Commonwealth of its duty to prove each element of the crime, but rather, as the SJC found, "placed the burden on the defendant of proving something (excessive force) that any reasonable juror would understand was antithetical to his defense." Koonce II, 636 N.E.2d at 1308. _________ Examination of Sullivan and the other recognized exceptions to ________ harmless error analysis reveals that, unlike in those cases, the error here is not a "'structural defect[] in the trial mechanism' which affect[s] 'the entire conduct of the trial from beginning to end' and 'without [which] a criminal trial cannot reliably serve its function as a vehicle for determination for guilt or innocence.'" United States v. Brand, 80 F.3d 560, 568 (1st Cir. _____________ _____ 1996) (quoting Fulminante, 499 U.S. at 309-10); see also __________ _________ Fulminante, 499 U.S. at 309-310 (listing constitutional __________ violations that have been found to constitute structural defects).  -16-