COMMONWEALTH *vs.* JASON SMITH. November 17, 1983. *Practice, Criminal,* Complaint, Instructions to jury. *Evidence,* Opinion. *Unlawful Digging of Turf.*

General Laws c. 266, § 113, makes several offenses criminal, including the wilful digging up of turf on the land of another. A jury in a District Court convicted the defendant, Jason Smith, under § 113, of wilfully digging up turf in connection with damage caused by Smith's van to the fairways of a golf course in the town of Adams. A sentence including a term of imprisonment, probation and restitution was imposed. On appeal, Smith claims (1) that the complaint fails to state two essential elements of the crime; (2) that his motion for a required finding of not guilty should have been allowed; (3) that the judge incorrectly instructed the jury on the element of wilfulness under § 113; and (4) that opinion testimony of two lay witnesses was improperly admitted. We reverse the conviction.

1. In relevant part, the complaint alleged that on May 20, 1982, Smith did "wilfully dig up turf from the land owned or controlled by ADAMS FAIRWAY REALTY CO., in violation of Chapter 266, Section 113 of the General Laws." Smith made no motion to dismiss the complaint. He now argues that the complaint is defective because it fails to allege (a) that he dug up turf "on the land of another," and (b) that he acted "without the license of the owner thereof" (the latter language appearing at a later point in the statute after the definition of several other offenses).

Smith's first point focuses on the words "or controlled" in the complaint. These words, he maintains, allowed conviction on proof that the land in question was merely controlled rather than owned by another. The plain language of § 113, however, requires only that turf be wilfully dug up "on the land of another." A case under this statute is therefore made out upon proof that the property in question was owned by someone other than the defendant. As long as this is done the prosecution need not identify the titleholder. See *Commonwealth v. Kozlowsky,* 238 Mass. 379, 383 (1921); *Commonwealth v. Kalinowski,* 360 Mass. 682, 684 (1971); *Commonwealth v. Averill,* 12 Mass. App. Ct. 260, 263 (1981). See also *Commonwealth v. Kiernan,* 348 Mass. 29, 51 (1964) (generally in the prosecution of crimes which relate to or affect real estate, the Commonwealth, pursuant to G. L. c. 278, § 9, need prove only that the person named had actual or constructive possession). The complaint sufficiently alleged the "land of another" element of the crime.

The defendant further contends that the complaint, in order to state an offense, had to allege that he acted "without the license of the owner" of the property. The Commonwealth argues, based on an analysis of the history of § 113, that the language about the lack of a license pertains only to the discrete offense immediately preceding the language (viz., theft of property from a wharf or landing place), and not to the offense here

charged, or to the several other offenses defined in § 113. Alternatively, the Commonwealth argues that the license language is governed by G. L. c. 278, § 7, so as to make the existence of a license a matter of justification, an issue which must be initially raised by the defendant, particularly where the facts of the case, as here, permit a strong inference that the owner would not permit an act of gross vandalism. See generally *Commonwealth* v. *Jones,* 372 Mass. 403, 405-406 (1977); *Commonwealth* v. *Jefferson,* 377 Mass. 716, 718-719 (1979).

We need not decide whether either argument pressed by the Commonwealth is correct because even assuming that a lack of license is a necessary element of the offense the complaint is sufficient. General Laws c. 277, § 79, prescribes no statutory form for any offense under G. L. c. 266, § 113. This complaint specifies the date of the offense, states the substance of the crime in language which generally follows the words of the statute, expresses the notion that the land was owned by another, and makes explicit reference to Smith's conduct being in violation of G. L. c. 266, § 113. We think the complaint contained enough detail to apprise Smith of the basic facts of the offense charged, see Mass.R.Crim.P. 4(a), 378 Mass. 849 (1978), so that he could adequately prepare his defense and be assured that "conviction or acquittal under the [complaint] would bar further prosecution for the same offence." *Commonwealth* v. *Hare,* 361 Mass. 263, 267 (1972). See also G. L. c. 277, § 34; *Commonwealth* v. *Welansky,* 316 Mass. 383, 395-396 (1944); *Commonwealth* v. *McClaine,* 367 Mass. 559, 560 (1975); *Commonwealth* v. *Bacon,* 374 Mass. 358, 360 (1978).

2. The defendant seasonably moved for a required finding of not guilty on the sole ground that the Commonwealth's evidence was insufficient to establish that he had a specific intent to dig up the turf. He argues that the evidence equally suggests that he harbored only a general intent to commit a trespass and that the damage was the product of accidental or reckless conduct incidental to that intent.

We agree with Smith that conviction of this crime under G. L. c. 266, § 113, requires proof of a specific intent to dig up turf; otherwise the actor's conduct amounts to no more than a civil wrong. We disagree, however, with the claim that the proof here was deficient.

A defendant's intent, like other mens rea requirements, may be established circumstantially. See *Commonwealth* v. *Lussier,* 364 Mass. 414, 420-422 (1973); *Commonwealth* v. *Welch,* 16 Mass. App. Ct. 271, 275 (1983). There was evidence that Smith drove his van on the golf course for over 300 yards, digging up ninety-six feet of turf in the process. An Adams police officer testified that clumps of turf were found which were created by the spinning of the van's tires. Another witness expressed the opinion that certain doughnut shaped marks were caused by the driving of the van twice around in a circular fashion. In addition, the jury could infer that Smith, after being expressly told by the police to leave the van

on the golf course, purposely disobeyed this instruction and drove his van back over the golf course while en route to his home, causing further damage to the land. We conclude, under the guidance of *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), that the jury "might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences" that the mental element of the crime had been proved beyond a reasonable doubt. *Commonwealth* v. *Vellucci*, 284 Mass. 443, 445 (1933).

3. In connection with the element of wilfulness, the judge, relying on *Commonwealth* v. *Welansky*, 316 Mass. 383, 401 (1944), instructed the jury as follows: "If you are convinced beyond a reasonable doubt that the defendant intentionally drove the van on the golf course and thereby dug up turf; and that this was done with a wanton or reckless disregard for the consequences of the act; then the defendant should be found guilty regardless of whether he actually had the intent to cause turf to be dug up." This instruction was the subject of a proper objection and is the only instruction challenged on appeal.

It is true that both wilful conduct and wanton and reckless conduct stem from conduct which is intended. See *Commonwealth* v. *Welansky*, *supra* at 397-399. However, wilful conduct clearly involves "something different from wanton or reckless conduct, even though the legal result is the same." *Id.* at 398. As we said in discussing a malicious damage statute, "[t]he word 'wilful' means intentional and by design in contrast to that which is thoughtless or accidental." *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 443 (1983). The essence of the distinction appears to lie in the fact that a wilful actor intends both his conduct and the resulting harm whereas a wanton or reckless actor intends his conduct but not necessarily the resulting harm. As previously noted, to convict of wilfully digging up turf under § 113, it must be found that the defendant had a specific intent to damage the land, otherwise only a civil wrong is involved. The judge's instruction equating wilful conduct with wanton and reckless conduct improperly permitted the defendant to be convicted on a different type of intent from the one actually required by § 113. This error requires reversal.

4. There is an additional issue which is likely to arise if Smith is retried. The question concerns the admissibility of lay opinion testimony concerning the cause of the damage to the turf. At trial, the investigating police officer and the superintendent of the golf course were allowed to express opinions, over objection, as to the cause of the marks and "clumps" on one fairway, and the cause of the circular "doughnut" marks on another fairway. Smith argues that it was error to allow these opinions.

The general rule is that "opinion evidence from one having no special qualifications by experience or study is not admissible." *Noyes* v. *Noyes*,

224 Mass. 125, 129 (1916). One well-established exception to this rule exists for shorthand expressions of facts perceived by common observation which cannot be reproduced or described to the jury precisely as they originally appeared to the witness. *Ibid.* See also *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133 (1875). This exception, based upon the practical necessity that such evidence would otherwise be difficult or impossible to obtain, requires (a) that the subject matter of the observations cannot be conveyed to the jury precisely as it appeared to the witness at the time of the event; (b) that the opinion convey a definite conception of facts; (c) that the witness has personal knowledge of the foundation facts; and (d) that the opinion is one which lay persons in general are capable of forming. See *id.* at 137-138; Liacos, Handbook of Massachusetts Evidence 100 (5th ed. 1981). Examples of the exception can be found in *Commonwealth* v. *Cataldo,* 326 Mass. 373, 376 (1950), and in *Commonwealth* v. *LePage,* 352 Mass. 403, 418 (1967).

The testimony of both witnesses as to the cause of the damage to the fairways met all the foundation requirements. It was within the judge's discretion to admit the testimony.

*Judgment reversed.*
*Verdict set aside.*

*Andrew Silverman* for the defendant.
*Lee Diane Flournoy,* Assistant District Attorney, for the Commonwealth.