COMMONWEALTH *vs.* JOHN SCHUCHARDT & others.[1]

Middlesex. May 10, 1990. - August 15, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Trespass. Real Property*, Trespass. *Necessity. Practice, Criminal*, Instructions to jury, Lesser included offense. *Destruction of Property. Wilful, Wanton or Reckless Conduct.*

In an action arising out of defendants' acts of political protest, on private premises occupied by a defense contractor engaged in the manufacture of component parts for nuclear missiles, in which the defendants were convicted of criminal trespass and of wantonly destroying or injuring property, no error appeared in the trial judge's (1) excluding certain expert testimony in support of the defendants' intended defense of justification by necessity, (2) instructing the jury to disregard admitted testimony that bore on the necessity defense, or (3) refusing to instruct the jury on the defense of necessity, where the testimony, regarding the immediacy of emotional harm to the public as the result of the threat of nuclear war, failed to address the question whether the defendants were faced with a clear and imminent danager, not one which was debatable or speculative, and where the evidence as to the necessity did not warrant a reasonable doubt whether the danger of catastrophic nuclear war is generally recognized as imminent. [349-350] LIACOS, C.J., dissenting.

Reversal of defendants' convictions of wantonly destroying or injuring property was required where that offense was not charged in the complaints and was not a lesser included offense of wilful and malicious destruction or injury prohibited by G. L. c. 266, § 127, the offense with which the defendants had been charged. [350-352] LIACOS, C.J., concurring.

COMPLAINTS received and sworn to in the Woburn Division of the District Court Department on July 14, 1983.

[1]Agnes G. Bauerlein, Jean G. Holladay, Mary C. Lyons, Frank Panopoulos, Macy E. Morse, and John M. Pendleton.

On transfer to the jury session of the Lowell Division, the cases were heard by *Edward M. Viola*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Robert LeRoux Hernandez* (*Richard B. Klibaner* with him) for the defendants.

*Sanford Kreisberg*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. After a first instance jury trial in the District Court, the defendants were convicted of criminal trespass and of wantonly destroying or injuring property. On appeal, the defendants argue that the trial judge erred by excluding certain expert testimony in support of their intended defense of justification by necessity, by instructing the jury to disregard other admitted testimony that bore on the necessity defense, by refusing to instruct the jury on the defense of necessity, and by charging the jury that wanton destruction of, or injury to, property is a lesser included offense of the crime of wilful and malicious destruction of, or injury to, property. The latter offense had been expressly charged. Wanton destruction or injury had not. We granted the defendants' application for direct appellate review. We conclude that the judge's several rulings bearing on the necessity defense were correct. We also conclude, however, that wanton destruction or injury is not a lesser included offense of wilful and malicious destruction or injury. As a result, we affirm the convictions for trepass, and we reverse the other convictions.

This case arises out of the defendants' acts of political protest occurring on July 14, 1983. On that day, the defendants entered AVCO Systems, a defense contractor engaged in the manufacture of component parts for nuclear missiles, and poured blood on various blueprints of warheads, hammered various equipment used in making the weapons, and urged AVCO employees to stop the manufacture of AVCO's products.

Before trial, the defendants moved for leave to introduce evidence in support of a justification by necessity defense, and the Commonwealth moved for exclusion of such evi-

dence. The judge excluded the testimony of Dr. Brenman-Gibson, proffered by the defendants, regarding the immediacy of emotional harm to the public as a result of the threat of nuclear war, but otherwise admitted de bene the defendants' evidence as to necessity. However, at the conclusion of the evidence, the judge decided that the evidence was insufficient to warrant jury consideration of the necessity issue, and therefore he refrained from instructing the jury on the subject except to tell them to disregard the evidence they had heard in so far as it related to necessity as a defense.

Under the common law defense of justification by necessity, a crime committed under the pressure of imminent danger may be excused if the harm sought to be avoided far exceeds the harm resulting from the crime committed. *Commonwealth* v. *Hood*, 389 Mass. 581, 590 (1983). *Commonwealth* v. *Brugmann*, 13 Mass. App. Ct. 373, 376-377 (1982). We have ruled that "the application of the defense is limited to the following circumstances: (1) the defendant is faced with a clear and imminent danger, not one which is debatable or speculative; (2) the defendant can reasonably expect that his [or her] action will be effective as the direct cause of abating the danger; (3) there is [no] legal alternative which will be effective in abating the danger; and (4) the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue." *Commonwealth* v. *Hood*, *supra* at 591, quoting *Commonwealth* v. *Brugmann*, *supra* at 379. A defendant is entitled to an instruction on necessity "only if there is evidence that would warrant a reasonable doubt whether [the defendants' actions were] justified as a choice between evils. See *Commonwealth* v. *Thurber*, 383 Mass. [328, 331 (1981)]. If the question is properly raised, the Commonwealth then has the burden to prove the absence of justification beyond a reasonable doubt." *Commonwealth* v. *Brugmann*, *supra* at 379.

Dr. Brenman-Gibson testified at a voir dire regarding the immediate and pervasive fear caused throughout society by the threat of nuclear war. The defendants offered to prove that they entered the AVCO plant to alleviate that situation.

The judge ruled that Brenman-Gibson's testimony was not relevant and therefore was inadmissible before the jury. The judge was correct. "The common law defense of necessity deals with obvious and generally recognized harms, not with those which are debatable and, indeed, the subject of legislation and government regulation." *Commonwealth* v. *Averill*, 12 Mass. App. Ct. 260, 262-263 (1981), citing *State* v. *Dorsey*, 118 N.H. 844, 846-847 (1978). While Brenman-Gibson's proffered testimony focused on her personal conclusions based on numerous tests and studies, her testimony either alone or together with other evidence did not address the question whether it is generally recognized and not fairly debatable that the threat of nuclear war is an immediate source of serious fear or other severe emotional harm that pervades society. The excluded evidence did not tend "to make the existence of any fact that [was] of consequence to the determination of the action more probable or less probable than it would [have been] without the evidence." See Proposed Mass. R. Evid. 401; Fed. R. Evid. 401. Therefore, it was not relevant or admissible.

We also agree with the judge's determination that the evidence that had been admitted de bene was insufficient to raise the justification by necessity defense. The evidence did not warrant a reasonable doubt whether the danger of catastrophic nuclear war is generally recognized as imminent. See *Commonwealth* v. *Averill*, *supra* at 262-263. Neither the defendants' brief nor our own research has identified a single case decided by a Federal court or a court of last resort of any State in which the necessity defense has been accepted in circumstances similar to those in the present case.

We turn to the question, not relevant to the trespass conviction, whether wanton destruction of, or injury to, property is a lesser included offense of wilful and malicious destruction or injury prohibited by G. L. c. 266, § 127 (1988 ed.). That statute provides in pertinent part as follows: "Whoever destroys or injures the personal property, dwelling house or building of another in any manner or by any means not particularly described or mentioned in this chapter shall, [1] if

such destruction or injury is wilful and malicious, be pun-
ished by imprisonment in the state prison for not more than
ten years or by a fine of three thousand dollars or three times
the value of the property so destroyed or injured, whichever
is greater and imprisonment in jail for not more than two
and one-half years; or [2] if such destruction or injury is
wanton, shall be punished by a fine of fifteen hundred dollars
or three times the value of the property so destroyed or in-
jured, whichever is greater, or by imprisonment for not more
than two and one-half years."

The defendants were complained of for wilfully and mali-
ciously injuring or destroying equipment and merchandise
belonging to AVCO. The judge instructed the jury, over the
objections of both parties, that wanton destruction or injury
to property is a lesser included offense of wilful and mali-
cious destruction or injury to property. The defendants con-
tend that the judge erred and that his instruction caused
them to be convicted "of an offense neither charged nor in-
cluded within the criminal conduct alleged." Such a convic-
tion, they argue, violated their "due process rights."

The defendants may properly be convicted of wanton de-
struction of, or injury to, property, though not expressly
charged with that precise crime, if it is a lesser included of-
fense of the crime of wilfully and maliciously destroying or
injuring property. "[L]esser included offenses are those nec-
essarily included in the offense as charged." *Commonwealth*
v. *Sherry*, 386 Mass. 682, 694 (1982), *S.C.*, 20 Mass. App.
Ct. 513 (1985), quoting *Commonwealth* v. *Rodriguez*, 11
Mass. App. Ct. 379, 380 (1981). The test is whether, "[i]n
order to convict [of wilful and malicious destruction or in-
jury], all the elements of [wanton destruction or injury] must
be found, plus an additional aggravating factor." *Common-
wealth* v. *Sherry*, *supra* at 695.

An intentional act involving "a high degree of likelihood
that substantial harm will result to another [is wanton con-
duct]. Wanton . . . conduct amounts to . . . indifference to or
disregard of probable consequences. . . ." (Citations omit-
ted.) *Commonwealth* v. *Welansky*, 316 Mass. 383, 399

(1944). *Commonwealth* v. *Ruddock*, 25 Mass. App. Ct. 508, 513 (1988). Conduct is wilful when the actor intends both the conduct and its harmful consequences, see *Welansky*, *supra* at 397-398; *Commonwealth* v. *Smith*, 17 Mass. App. Ct. 918, 920 (1983), and is malicious when the conduct is motivated by "cruelty, hostility or revenge." *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 443 (1983). Conduct may be wilful and malicious although its harmful consequences are neither substantial nor highly likely.

The short answer to the question whether wantonly destroying or injuring property is a lesser included offense of wilfully and maliciously doing so is that, in order to convict a defendant of wilful and malicious conduct, there need not be a finding, as is required for wantonness, that the likely effect of the defendant's conduct was substantial harm. Since wanton criminality requires proof of elements not required for proof of wilful and malicious destruction or injury, the former crime is not included in the latter. We conclude that the defendants were not charged with wanton destruction of, or injury to, property, and that therefore as to those convictions, the judgments must be reversed and the verdicts set aside. As to the convictions for trespass, the judgments are affirmed.

*So ordered.*

LIACOS, C.J. (concurring in part and dissenting in part). The defendants were entitled to have the jury, as the conscience of the community, consider their defense of justification by necessity. The defendants presented sufficient evidence to raise such a defense. Neither the judge below nor this court should substitute its judgment for the sound deliberations of the jury.

Contrary to the court's conclusion, there was sufficient evidence presented as to the element of "imminent danger." Dr. Daniel Ellsberg, a former consultant for the Rand Corporation, the Defense Department, the State Department, and the White House, testified that, by July 14, 1983, the danger

of nuclear war had become imminent. He specifically noted that the chance of an accidental launch of Pershing II nuclear weapons (manufactured by AVCO) "is a continuous risk from minute to minute." In addition, Rear Admiral Gene LaRoq, Ret., Director of the Center for Defense Information, testified that the introduction of the Pershing II missile greatly increased the likelihood of nuclear war.[1]

The judge below should have permitted the jury to consider the evidence on necessity in reaching their verdict. This conclusion "is required by a proper respect for the role of the jury in the criminal justice system. The essential purposes of the jury trial are twofold. First, the jury temper the application of strict rules of law by bringing the common sense judgment of a group of laymen to the case. Second, the jury stand as a check on arbitrary enforcement of the law. 'Fear of unchecked power, so typical of our State and Federal Governments in other respects, found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence.' *Duncan* v. *Louisiana*, 391 U.S. 145, 156 (1968). The legitimacy of a jury verdict depends on the ability of the jury to perform these two functions." (Footnotes omitted.) *Commonwealth* v. *Hood*, 389 Mass. 581, 597 (1983) (Liacos, J., concurring).

The jury in this case requested an explanation as to why they could not consider the defense of justification. They themselves recognized the judge's incursion on their ability to temper the application of strict rules with a consideration of higher values, if they determined that justice so required. This court has characterized the jury as "the repository of the community's conscience." *Commonwealth* v. *Freiberg*, 405 Mass. 282, 289 (1989), quoting *Commonwealth* v. *Connolly*, 356 Mass. 617, 628, cert. denied, 400 U.S. 843 (1970). The court today ensures that the conscience of the community may not have the opportunity to express itself meaningfully.

---

[1]There was also evidence presented as to the other elements of the necessity defense.

I dissent from the court's conclusions as to the necessity defense. Because I agree with the court's resolution as to wanton destruction or injury of property, I concur in that portion of the opinion.