## COMMONWEALTH vs. NEAL D. McDOWELL.

No. 03-P-363.

Hampshire. January 8, 2004. - September 15, 2004.

Present: LENK, GELINAS, & TRAINOR, JJ.

*Intent. Intentional Conduct. Wilful, Wanton, or Reckless Conduct. Destruction of Property. Statute,* Construction.

This court concluded that the crime of defacing personal property under G. L. c. 266, § 126A, contains two disjunctive elements: wilful and malicious conduct, or wanton conduct [18-22], and that wanton defacement of property is a general intent crime [22-24].

This court affirmed the defendant's convictions of defacing personal property under G. L. c. 266, § 126A, where the stipulated evidence permitted the inference that the defendant intended to drive a car, heedless of the consequences, which included striking a wooden fence, a cement post, the porch of a residence, a parked vehicle, and the push bar mounted on the front of a police vehicle. [24]

INDICTMENTS found and returned in the Superior Court Department on March 26, 2002.

The case was heard by *Tina S. Page,* J., on a statement of agreed facts.

*James A. Couture* for the defendant.

*Steven Greenbaum,* Assistant District Attorney, for the Commonwealth.

LENK, J. After a jury-waived trial on stipulated facts,[1] the defendant, Neal D. McDowell, was convicted on two indictments charging the following: operating a motor vehicle while under the influence of alcohol (OUI), having been so convicted four or more times previously; operating a motor vehicle after revocation of a license for an OUI conviction; operating a motor vehicle to endanger; operating an uninsured motor vehicle;

---

[1]This procedure has long been disfavored and "cannot be justified to save court time." *Commonwealth* v. *Babcock,* 25 Mass. App. Ct. 688, 691 (1988).

attaching incorrect license plates; leaving the scene of property damage (two counts); and intentionally defacing personal property pursuant to G. L. c. 266, § 126A (four counts). On appeal, the defendant contends only that the trial judge erred when she found the defendant guilty of four counts of defacing personal property under G. L. c. 266, § 126A, because the Commonwealth did not prove the defendant's conduct was intentional and wilful and either malicious or wanton.

*Background.* The stipulated facts are these. On February 23, 2002, the defendant, impaired by the consumption of alcohol, got into his car, drove rapidly backward, and struck a wooden fence, a cement post, and the porch of a residence. He then drove rapidly forward, running over five-foot high hedges, and struck a parked vehicle. These acts were observed by one of the defendant's neighbors. As a police car pulled up behind the defendant's vehicle, the defendant drove backward, striking the push bar mounted on the front of the officer's car. The officer placed the defendant under arrest; a subsequent breath test revealed the defendant's blood alcohol content was .25. At the time of the incident, the defendant had been convicted of four or more instances of operating a motor vehicle under the influence of alcohol within the past ten years. The defendant's license had been revoked in the Commonwealth since June 8, 2000. The defendant did not have a motor vehicle liability insurance policy in effect nor was the license plate that was affixed to the defendant's vehicle assigned to such vehicle.

The defendant filed a motion to dismiss the indictment for defacing personal property under G. L. c. 266, § 126A, arguing that there was insufficient evidence for a grand jury to find that he intentionally and wilfully caused the damage.[2] The Commonwealth argued in opposition that the statute required proof

---

[2]General Laws c. 266, § 126A, provides: "Whoever intentionally, willfully and maliciously or wantonly, paints, marks, scratches, etches or otherwise marks, injures, mars, defaces or destroys the real or personal property of another including but not limited to a wall, fence, building, sign, rock, monument, gravestone or tablet, shall be punished by imprisonment in a state prison for a term of not more than three years or by imprisonment in a house of correction for not more than two years or by a fine of not more than fifteen hundred dollars or not more than three times the value of the property so marked, injured, marred, defaced or destroyed, whichever is greater, or both imprisonment and fine, and shall also be required to pay for the removal or

of either wilful and malicious conduct, or wanton conduct, and that therefore proof of the defendant's wanton conduct was sufficient to indict. Subsequently, the Commonwealth filed a request for nolle prosequi of those portions of the four counts of the indictment under G. L. c. 266, § 126A, that alleged other than wanton conduct. The defendant's motion to dismiss was denied.[3]

At trial, the defendant maintained that the damage caused by his operation of the vehicle was accidental and resulted from his impaired state, and that he was therefore not guilty of defacing personal property because he did not intentionally and wilfully cause the damage as required for a conviction under G. L. c. 266, § 126A.[4] The trial judge found the defendant guilty of all counts. With regard to the four counts of defacing personal

---

obliteration of such painting, marking, scratching or etching; provided, however, that when a fine is levied pursuant to the value of the property marked, injured, marred, defaced or destroyed or when the cost of removal or obliteration is assessed, the court shall, after conviction, conduct an evidentiary hearing to ascertain the value of the property so marked, injured, marred, defaced or destroyed or to ascertain the cost of the removal or obliteration. A police officer may arrest any person for commission of the offenses prohibited by this section without a warrant if said police officer has probable cause to believe that said person has committed the offenses prohibited by this section.

"Upon conviction for said offense the individual's driver's license shall be suspended for one year. If the individual convicted of defacing or vandalizing the real or personal property of another is under the age of sixteen then one year shall be added to the minimum age eligibility for driving."

[3]The judge stated, "This Court's reading of the statute in question does not require the Commonwealth to present evidence to the grand jury of probable cause to arrest for causing intentional and wilful and wanton damage to another's property. The statute is written in the disjunctive. The evidence presented was sufficient to establish probable cause to arrest for wanton behavior."

[4]The stipulated facts included the following:

"24. For the purpose of this jury-waived trial, [the defendant] acknowledges that the facts above and the various Exhibits would warrant a rational trier of fact in concluding that his operation of his motor vehicle on February 23, 2002 was reckless and that the lives or safety of the public might have been endangered thereby.

"25. For the purposes of this jury-waived trial, [the defendant] does not acknowledge that the damage caused by his operation of his motor vehicle was intentional or wilful but asserts that it was accidental, resulting from his impaired state."

property, the judge stated, "I find the Commonwealth has presented proof beyond a reasonable doubt in order to find this Defendant guilty of wanton and reckless defacement of property."

*Discussion.* The only issue before us is whether G. L. c. 266, § 126A, requires, as the defendant argues, that the Commonwealth prove the defendant acted intentionally and wilfully and either maliciously or wantonly; or whether, as the Commonwealth argues, it need only prove that the defendant acted wantonly. The defendant and the Commonwealth agree that this statutory interpretation is outcome-determinative; the defendant concedes the evidence is sufficient to establish his actions were wanton, and therefore if we determine that wanton acts are sufficient to convict him under § 126A, his appeal fails. The Commonwealth has, via nolle prosequi, declined to attempt to prove other than wanton conduct on the part of the defendant, and thus it concedes that should we determine that proof of conduct other than wanton conduct is necessary for conviction under § 126A, the convictions on those counts must be reversed.[5]

*"Willfully and maliciously or wantonly."* General Laws c. 266, § 126A, under which the defendant was charged and convicted, states, in part, "Whoever intentionally, willfully and maliciously or wantonly, . . . injures, mars, defaces or destroys the real or personal property of another . . . shall be punished . . . ." The defendant argues that § 126A sets forth three conjunctive elements constitutive of the crime that must be

---

[5]McDowell's responses to questions posed by the judge during what appears to have been an examination somewhat in the nature of a plea colloquy included the following:

> THE JUDGE: "And you knew that your ability to operate the car was impaired because of the intake of alcohol?"
>
> THE DEFENDANT: "Yes."
>
> THE JUDGE: "And after — did you realize that you had damaged somebody else's property?"
>
> THE DEFENDANT: "It wasn't until afterwards. After basically I read the report and was embarrassed to actually read what had actually happened, to be honest with you, when I realized how much damage was created."

proved for conviction: the first that the defendant acted "intentionally," the second that he acted "willfully," and the last element, one of two alternatives, that he acted either "maliciously" or "wantonly." The defendant contrasts this with G. L. c. 266, § 127,[6] a statute that also criminalizes the destruction of personal property, and under which, he contends, it would have been proper to charge him. Section 127 distinguishes between, on the one hand, wilful and malicious damage to personal property and, on the other, wanton damage to personal property, punishing the former with up to ten years in State prison and the latter with imprisonment for a maximum of two and one-half years. See *Commonwealth* v. *Faherty*, 57 Mass. App. Ct. 150, 152 (2003). The defendant posits that because § 127 thus penalizes the wanton destruction of personal property, it would be redundant and contradictory for § 126A to penalize the same wanton conduct with a harsher penalty (up to three years in State prison and removal of a driver's license), unless § 126A requires the additional elements of intentional and wilful conduct.

The Commonwealth argues that the defendant misreads § 126A, which in its view provides a list of two disjunctive elements of required intent: "wilful and malicious" conduct on the one hand, or "wanton" conduct on the other. The Commonwealth contends that, by definition, conduct cannot be both "wilful" and "wanton" because wilful conduct requires an actor to intend his conduct and its consequences, and wanton conduct requires the actor to have indifference to or disregard of the probable consequences of his conduct. Therefore, the

---

[6]General Laws c. 266, § 127, provides in part: "Whoever destroys or injures the personal property, dwelling house or building of another in any manner or by any means not particularly described or mentioned by this chapter shall, if such destruction or injury is wilful and malicious, be punished by imprisonment in the state prison for not more than ten years or by a fine of three thousand dollars or three times the value of the property so destroyed or injured, whichever is greater and imprisonment in jail for not more than two and one-half years; or if such destruction or injury is wanton, shall be punished by a fine of fifteen hundred dollars or three times the value of the property so destroyed or injured, whichever is greater, or by imprisonment for not more than two and one-half years."

Commonwealth posits, a person cannot intend and also disregard the consequences of his or her conduct, and thus § 126A must provide two disjunctive elements.

When interpreting a statute, we attempt to give effect to the intent of the Legislature as ascertained from the ordinary use of the language employed, the reasons for the enactment, and the main object to be accomplished. *Commonwealth* v. *Valiton*, 432 Mass. 647, 650 (2000). The language of the statute itself is our primary source of insight into legislative purpose. *Foss* v. *Commonwealth*, 437 Mass. 584, 586 (2002). For assistance with interpretation, we may utilize other statutes relating to the same matter as the statute being construed, *Commonwealth* v. *Smith*, 431 Mass. 417, 420 (2000), and we may examine the general statutory framework in which the statute in question is located. See *Commonwealth* v. *Brown*, 431 Mass. 772, 776-777 (2000).

Chapter 266 of the General Laws contains numerous statutory provisions punishing deliberate injury to real and personal property. Section 126A is a specific vandalism statute, punishing the person who "paints, marks, scratches, etches or otherwise marks, injures, mars, defaces or destroys the real or personal property of another including but not limited to a wall, fence, building, sign, rock, monument, gravestone or tablet." Section 126A was enacted in 1994.

Section 127 is a catch-all provision for chapter 266, punishing the person who "destroys or injures the personal property, dwelling house or building of another in any manner or by any means not particularly described or mentioned in this chapter." Section 127, the "general vandalism statute,"[7] predates § 126A and is derived from a Massachusetts statute enacted in 1836, which contained the phrase "wilfully and maliciously."[8]

The clause "wilfully and maliciously" was instrumental in

---

[7]See Perlin, Mottla's Proof of Cases in Massachusetts (Criminal) § 58:1, at 398 (3d ed. 1993).

[8]Revised Statutes of Massachusetts 1836, c. 126, § 39, provides, "Every person, who shall wilfully and maliciously kill, maim or disfigure any horses, cattle or other beasts of another person, or shall wilfully and maliciously administer poison to any such beasts, or expose any poisonous substance, with intent that the same should be taken or swallowed by them, or shall wilfully and maliciously destroy or injure the personal property of another person, in any manner or by any means, not particularly described or mentioned in this

the development of case law distinguishing civil trespass from criminal destruction of property. See *Commonwealth* v. *Walden*, 3 Cush. 558, 560 (1849) ("it would follow, that a person would be liable to be punished criminally, and with great severity, for every wilful trespass, however trifling"). In order to avoid the criminal punishment of simple trespass, we have historically required the criminal destruction of property to be proved by evidence of a wilful act done with a malicious state of mind. See *Commonwealth* v. *Williams*, 110 Mass. 401, 403 (1872) ("The act, though intentional and unlawful, is nothing more than a civil injury, unless accompanied with that special malice which the words 'wilful and malicious' imply"); *Commonwealth* v. *Goodwin*, 122 Mass. 19, 35 (1877) ("It is the special depravity or special hostility towards the owner which makes a crime of that which would otherwise be a mere trespass to property"); *Commonwealth* v. *Ruddock*, 25 Mass. App. Ct. 508, 512 (1988); *Commonwealth* v. *Wynn*, 42 Mass. App. Ct. 452, 453, 455 (1997).

Our interpretation of § 126A "must remain faithful to the purpose and construction of the statute as a whole." *American Honda Motor Co.* v. *Bernardi's, Inc.*, 432 Mass. 425, 430 (2000), quoting from *Heritage Jeep-Eagle, Inc.* v. *Chrysler Corp.*, 39 Mass. App. Ct. 254, 258 (1995). Because the clause "wilfully and maliciously" was instrumental in the development of case law distinguishing civil trespass from criminal destruction of property under § 127, we decline to interpret the language of § 126A in the manner that the defendant suggests. Instead, we construe the language of § 126A as consisting of two groups: one being "willfully and maliciously," and the other, "wantonly."

We must next determine whether § 126A requires proof of "willful and malicious" acts as well as "wanton" acts, or whether the two clauses are disjunctive. Bearing in mind that "[t]he words of a statute must be construed in association with the general statutory plan," *Massachusetts Assn. of Cosmetology Schs., Inc.* v. *Board of Registration in Cosmetology*, 40

chapter, shall be punished by imprisonment in the state prison, not more than five years, or by fine not exceeding one thousand dollars and imprisonment in the county jail, not more than one year."

Mass. App. Ct. 706, 711 (1996), quoting from *Commissioner of Rev.* v. *Wells Yachts South, Inc.*, 406 Mass. 661, 664 (1990), we note that when interpreting § 127, the Supreme Judicial Court stated in *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991):

> "Wilful and malicious destruction of property (G. L. c. 266, § 127) is a specific intent crime. Wilfulness requires a showing that the defendant intended both the conduct and its harmful consequences, *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 352 (1990); wilful conduct is 'intentional and by design in contrast to that which is thoughtless or accidental.' *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 443 (1983), quoting J.R. Nolan, Criminal Law § 427, at 259 (1976). Malice requires a showing that the defendant's conduct was 'motivated by "cruelty, hostility or revenge." ' *Commonwealth* v. *Schuchardt, supra,* quoting *Commonwealth* v. *Peruzzi, supra.* The Commonwealth's evidence must be sufficient to persuade the fact finder beyond a reasonable doubt of the existence of both elements before a conviction of wilful and malicious destruction can be sustained."

In contrast, "[w]anton destruction differs substantially from wilful and malicious destruction in that wanton destruction requires only a showing that the actor's conduct was indifferent to, or in disregard of, probable consequences." *Commonwealth* v. *Armand, supra* at 171. Given this well-established distinction between the nature of acts that constitute "wilful and malicious" destruction of property and those that constitute "wanton" destruction of property under the older statute, § 127, we hold that § 126A contains two disjunctive elements: wilful and malicious conduct, or wanton conduct.[9]

"*Intentionally.*" This leaves for consideration the meaning of "intentionally" within G. L. c. 266, § 126A. The Common-

---

[9]As to the defendant's argument that this interpretation will unfairly yield differing punishment for similar crimes under § 127 and § 126A, we note "that the Legislature has great latitude to determine what conduct should be regarded as criminal and to prescribe penalties to vindicate the legitimate interests of society." *Commonwealth* v. *Jackson*, 369 Mass. 904, 909 (1976). See *Slome* v. *Chief of Police of Fitchburg*, 304 Mass. 187, 189 (1939) ("Judicial inquiry does not extend to the expediency, wisdom or necessity of the legislative judgment for that is a function that rests entirely with the lawmaking department"). That different penalties may result under the two

wealth argues that the word "intentionally" is surplusage because its meaning is encompassed in the definition of "wilful" conduct since "[w]ilful means intentional." *Commonwealth v. Welansky*, 316 Mass. 383, 397 (1944). Moreover, the Commonwealth argues, an act cannot be both "intentional" and "wanton."

The argument of surplusage is not a favored one. In construing a statute, we are to give meaning to each word in the legislation; no word should be considered superfluous. *International Org. of Masters, Mates & Pilots* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 392 Mass. 811, 813 (1984). We are to "construe the statute to avoid any part of the legislation being meaningless or duplicative." *Richard Lundgren, Inc.* v. *American Honda Motor Co.*, 45 Mass. App. Ct. 410, 415 (1998). We are especially reluctant to consider as surplusage a term that is employed in at least eight other statutory provisions within the same chapter. See G. L. c. 266, §§ 96, 98, 98A, 104, 106, 107, 138, 138A. Each of these statutes criminalizes injury to property and uses the phrase, "Whoever wilfully, intentionally and without right." In addition, at least four criminal and civil statutes in Massachusetts employ the clause "whoever intentionally."[10] These four statutes employ "intentionally" to require the conduct at issue to be deliberate, thus contrasting intentional or "knowing" conduct with unintentional, accidental conduct. See G. L. c. 64C, § 37; G. L. c. 64D, § 8; G. L. c. 266, § 139; G. L. c. 269, § 13A. That the word "intentionally" is not employed in § 127 is perhaps curious but does not itself render the presence of the word in § 126A mere surplusage.

In according meaning to the statutory inclusion of the word "intentionally" in § 126A, we recall that "[a] fundamental tenet of criminal law is that culpability requires a showing that the prohibited conduct (actus reus) was committed with the concomitant mental state (mens rea) prescribed for the offense." *Commonwealth* v. *Lopez*, 433 Mass. 722, 725 (2001). While we acknowledge some reluctance in recent case law to characterize

statutes does not compel the statutory interpretations that the defendant suggests.

[10]See G. L. c. 64C, § 37; G. L. c. 64D, § 8; G. L. c. 266, § 139; G. L. c. 269, § 13A.

the prescribed intent for certain crimes as being either "general" or "specific," see *Commonwealth* v. *Gunter*, 427 Mass. 259, 268-269 (1998); *Commonwealth* v. *Collier*, 427 Mass. 385, 388 n.4 (1998); *Commonwealth* v. *Henault*, 54 Mass. App. Ct. 8, 13 n.7 (2002), we also note that our case law has expressly characterized the intent prescribed for the "wilful and malicious destruction of property" branch of § 127 as being specific intent, while the wanton destruction of property branch of § 127 is a general intent crime. *Commonwealth* v. *Armand, supra* at 170-171. We discern no reason why the Legislature would have diverged from this settled prescription of intent for each of the crimes when enacting § 126A in 1994, three years after the decision in *Commonwealth* v. *Armand, supra*. Accordingly, we hold that the intent required for wanton defacement of property under G. L. c. 266, § 126A, is general intent.

"A defendant's intent, like other mens rea requirements, may be established circumstantially." *Commonwealth* v. *Smith*, 17 Mass. App. Ct. 918, 919 (1983). See *Commonwealth* v. *Henault*, 54 Mass. App. Ct. at 13 n.7. The record here is plain that, before entering the motor vehicle and causing the property damage, the defendant — staggering while he did so — took the steps necessary to replace the battery in his car. Though we chafe at the limitations imposed by the record of a stipulated trial, we conclude nonetheless that insofar as this stipulated evidence permits the inference that the defendant intended to drive the car, heedless of the consequences, it was enough to establish beyond a reasonable doubt the requisite general intent. The defendant's intoxicated state was irrelevant to his ability to form general intent. See *Commonwealth* v. *Blake*, 409 Mass. 146, 155 (1991). Cf. *Commonwealth* v. *Henson*, 394 Mass. 584, 593 (1985). Given this, we affirm the defendant's convictions under G. L. c. 266, § 126A.[11]

*Judgments affirmed.*

---

[11]We are not unmindful of the Commonwealth's nolle prosequi, prior to the commencement of trial, of all portions of the indictment, other than wanton conduct, alleging intentional destruction of property. To the extent that the Commonwealth thereby declined to prove the "intentional" element of the statute, given what we have said, we construe this as the Commonwealth having declined to prove specific intent.