NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-872

COMMONWEALTH

vs.

JEFF JEAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction after a jury waived trial of vandalizing property under G. L. c. 266, § 126A.[1] He argues that the evidence was insufficient to support his conviction.  We affirm.

Background.  We summarize the facts in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On November 18, 2018, a resident of an apartment building in Norwood was leaving his unit to do laundry when he heard "loud banging" and "someone talking loudly."  The resident returned to his apartment and waited

_____

[1] The defendant was also convicted of disturbing the peace but does not challenge that conviction on appeal.

about ten to fifteen minutes.  When he opened his door again, he could still hear "loud banging" and a "voice . . . talking to someone, sounding like through the door."  He then called the police.

Norwood police Officer Kevin McDonough was the first to arrive at the scene, followed soon thereafter by Officer Diego Silva.  On the second floor of the building, the officers saw a man, later identified as the defendant, standing outside the doorway of an apartment.  The officers attempted to speak with the defendant, but he was "hostile," "very confrontational," and not "really . . . even acknowledging [their] statements to him."  Eventually, the defendant told the officers that he was concerned about the welfare of his son, who he said was inside the apartment.

Once they turned their attention to the apartment door, the officers saw that it had "obvious" damage.  The area around the handle and locking mechanism, a "deadbolt," was "pushed in," and both the door and doorframe were "split."  Hearing a woman's voice inside the apartment, the officers asked her to open the door, but she was unable to do so because of the damage.  At that point Officer Silva pushed his shoulder against the door to force his way in.  As the door opened, the locking mechanism fell to the ground.  The woman inside the apartment appeared "afraid."

Discussion. To sustain a conviction under G. L. c. 266, § 126A, the Commonwealth had to establish that the defendant "intentionally, willfully and maliciously or wantonly" vandalized the property of another. The defendant's sole argument on appeal is that the Commonwealth presented insufficient evidence that he acted "willfully and maliciously or wantonly." These are disjunctive elements. See Commonwealth v. McDowell, 62 Mass. App. Ct. 15, 22 (2004). That is, the Commonwealth had to prove that the defendant acted either "willfully and maliciously" or "wantonly"; it did not need to prove both. See id. at 21-22.

The Commonwealth met its burden of proving that the defendant's conduct was wanton. To act wantonly, the actor must be "indifferent to, or in disregard of, [the] probable consequences" of his conduct. Commonwealth v. Armand, 411 Mass. 167, 171 (1991). "Criminal responsibility is imposed on the basis of the intentional doing of an act with an awareness of the probability that the act will result in substantial damage." Commonwealth v. Ruddock, 25 Mass. App. Ct. 508, 513 (1988). The evidence here, viewed in the light most favorable to the Commonwealth, established that the defendant hit or kicked the apartment door over a period of at least ten to fifteen minutes, with enough force to split the door and its frame. A reasonable factfinder could have found from this evidence that the

3

defendant was aware of, but disregarded, the probability that his conduct would result in substantial damage to the door. See Commonwealth v. Faherty, 57 Mass. App. Ct. 150, 154 (2003) (defendant acted wantonly by putting two pennies wrapped in paper into parking meter, where probable consequence was that meter would be rendered inoperable); Ruddock, supra (defendant acted wantonly by jumping over car while holding megaphone because he "took the risk that he might not clear the car and that were that to happen, all or part of his body and the megaphone would land atop the hood").

We are unpersuaded by the defendant's contention that we may consider only whether the evidence was sufficient to show that he acted willfully and maliciously -- i.e., that we may not consider whether he acted wantonly -- because that was the Commonwealth's theory at trial. Specifically, the defendant claims that the judge was precluded from finding wantonness because the Commonwealth argued in closing that the defendant intentionally damaged the door by kicking it. But the defendant cites no authority for the proposition that a judge in a jury waived trial is limited by the Commonwealth's closing argument in determining whether the evidence was sufficient. "[A]bsent contrary indication," trial judges sitting without a jury are presumed to have correctly instructed themselves on the elements of the crime. Commonwealth v. Batista, 53 Mass. App. Ct. 642,

4

648 (2002).  The defendant points to nothing in the record to overcome this presumption.  And in any event, the Commonwealth expressly argued in closing that "the third element, the defendant did so wantonly," was satisfied because the defendant knew that his actions "create[d] a risk of substantial injury or destruction of another's property."  Thus, contrary to the defendant's characterization, the Commonwealth proceeded on the theory that his conduct was wanton.

Deciding the appeal on this basis, we need not reach the parties' arguments regarding whether the evidence was sufficient to show that the defendant acted with malice.

<u>Judgments affirmed</u>.

By the Court (Neyman, Shin & Wood, JJ.[2]),

Clerk

Entered: March 6, 2025.

---

[2] The panelists are listed in order of seniority.

5