NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-535

COMMONWEALTH

vs.

WILLIAM J. HANAGAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was convicted of vandalizing property in violation of G. L. c. 266, § 126A. On appeal, he contends that a different judge erred in denying his pretrial motion to dismiss pursuant to Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). We affirm.

Discussion. Where a clerk-magistrate has issued a criminal complaint, "a motion to dismiss[] is the appropriate and only way to challenge a finding of probable cause." DiBennadetto, 436 Mass. at 313. Typically, "[a] motion to dismiss for lack of probable cause 'is decided from the four corners of the complaint application, without evidentiary hearing.'"

Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), quoting Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013). "The complaint application must include information to support probable cause as to each essential element of the offense." Humberto H., supra at 565-566. "Probable cause is, however, a decidedly low standard" (quotation and citation omitted). Commonwealth v. Narvaez, 490 Mass. 807, 809 (2022). Our review of a judge's probable cause determination is a question of law, which we review de novo. Humberto H., supra at 566. We view information set forth in the complaint application in support of probable cause in the light most favorable to the Commonwealth. Leonard, supra.

To prove vandalism, the Commonwealth must establish that (1) property was painted, marked, scratched, etched or otherwise marked, injured, marred, defaced or destroyed; (2) intentionally; (3) willfully and maliciously or wantonly; and (4) the property belonged to someone other than the defendant. See G. L. c. 266, § 126A. See also Commonwealth v. McDowell, 62 Mass. App. Ct. 15, 22 (2004).

Here, Southborough police submitted a narrative report (police narrative) in support of the application for criminal complaint, which stated in relevant part:

> "On 10/8/2021 I, Detective Neivert, was made aware of a complaint to the Town Administrator's office from Mr.

2

> Robert (Bob) Heavey. Mr. Heavey stated that the
> Southborough Police Department was refusing to file
> criminal charges against his former tenant, William
> Hanagan. . . . Mr. Heavey is alleging that Mr. Hanagan
> spray painted the apartment walls, damaged a door casing,
> and left property behind in the apartment.  Mr. Heavey
> stated that there were other damages as well amounting to a
> total of '$39,000 to $49,000' worth of damage to the
> apartment.  The damage that was documented in Mr. Heavey's
> photographs[1] is in addition to damage to the apartment's
> normal, poor conditions."

The police narrative established probable cause for the first element of vandalism where it explicitly alleged that the defendant spray painted walls and stated, at least implicitly, that he caused extensive damage in the apartment Heavey had rented to him.

The second and third elements required that the police narrative contain information sufficient to establish probable cause that the defendant engaged in either intentional willful and malicious conduct or intentional wanton conduct.  See McDowell, 62 Mass. App. Ct. at 22 (vandalism statute's malice element is disjunctive).  The defendant's intent may be established circumstantially.  Id. at 24.  Here, the Commonwealth argues only that the evidence supported probable cause for intentional wanton conduct, which required a showing that the defendant was indifferent to, or in disregard of,

---

[1] The photographs were not attached to the application for criminal complaint and are not part of the record on appeal.

3

probable consequences.  See id. at 22.  We conclude that the police narrative supported a reasonable inference of intentional wanton conduct based on the assertion that "[the defendant] spray painted the apartment walls [and] damaged a door casing" and the statement that that there was "other damage" to the apartment amounting to tens of thousands of dollars' worth. Heavey's statement that "Mr. Hanagan spray painted the apartment walls" alleges not merely that some action of the defendant led to spray paint getting on the apartment walls but that the defendant himself spray-painted the walls -- an intentional act -- contributing to very costly damage to the apartment, supporting an inference that the defendant acted with indifference to, or in disregard of, the probable consequences.

We are not persuaded by the defendant's contention that the information in the police narrative was equally consistent with the defendant's "best efforts" at painting the apartment or that there may have been innocent explanations for the damage.  See Commonwealth v. Rex, 469 Mass. 36, 41 (2014) (on appeal from ruling on motion to dismiss, evidence is viewed in light most favorable to Commonwealth); Commonwealth v. Torres, 102 Mass. App. Ct. 359, 363 n.6 (2023) (existence of possible innocent explanations does not vitiate probable cause).

4

Finally, although the defendant does not explicitly concede the point in his brief, he does not appear to dispute that the property (apartment) belonged to another (Heavey).  In any event, Heavey's report of damage to an apartment in which the defendant was "[Heavey's] former tenant" sufficed to establish probable cause as to the fourth element.

Ultimately, we conclude that the evidence contained in the police narrative appended to the application for complaint in this case "contain[ed] sufficient facts to establish the identity of the accused, and provide probable cause as to each element of the crime[]."  Leonard, 90 Mass. App. Ct. at 190.

                              Judgment affirmed.

                              By the Court (Desmond,
                                Sacks & Brennan, JJ.[2]),

                              Clerk

Entered:  June 3, 2025.

---

[2] The panelists are listed in order of seniority.